**Edward JACOBSEN**

v.

**UNITED STATES of America.**

**Civ. A. No. 21542.**

United States District Court E. D. Pennsylvania.

April 7, 1958.

S. H. Copelin, Philadelphia, Pa., for plaintiff.

Harold K. Wood, U. S. Atty., Henry P. Sullivan, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

EGAN, District Judge.

This case is before the Court on the defendant's Motion to Dismiss on the ground that the action was not brought against the United States within the time fixed by statute.[1]

On October 25, 1956 the plaintiff filed his complaint in this matter with the Clerk of the United States District Court for the Eastern District of Pennsylvania. Service of the complaint was made on November 2, 1956 by serving a copy thereof on the United States Attorney for the Eastern District of Pennsylvania and by mailing a copy thereof to the Attorney General. The complaint named the "United States Post Office Department" as party-defendant, alleging that the plaintiff's automobile had been negligently struck and damaged by a Post Office Department truck operated by a Postal employee then engaged in the performance of his duties. No personal injuries were alleged and the amount of property damage sought was $281.25. The alleged accident occurred on April 25, 1955.

On April 15, 1957 a Motion to Dismiss was filed by the defendant on the ground that the Post Office Department did not constitute a suitable entity, since by statute, the Post Office Department or any agency of the Government cannot be sued under the Tort Claims Act *eo nomine*.[2] Subsequent to that date, the parties entered into negotiations to amend the caption, the stipulation of which was eventually filed on June 27, 1957—more than two years after the cause of action had accrued. There is no record before the Court that these negotiations took place prior to the running of the two-year statute of limitations.

The question presented by this case is ruled by the decision of this Court in Lomax v. United States, D.C.E.D.Pa. 1957, 155 F.Supp. 354. The case cited by the plaintiff in his brief does not aid him and the Motion to Dismiss must therefore be granted.

---

1. 28 U.S.C.A. § 2401(b).

2. 28 U.S.C.A. § 2679.