**Doris SCHLINGMAN, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. 1418–61.**

United States District Court
S. D. California,
Central Division.

July 3, 1963.

Brody & Grayson, Los Angeles, Cal., for plaintiff.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief of Civil Section, Clarke A. Knicely, Asst. U. S. Atty., for defendant.

CURTIS, District Judge.

This cause was submitted to the court pursuant to stipulation of the parties upon the limited issue of whether a tender of payment by the Government of the full amount demanded by an administrative claim for damages under the Federal Tort Claims Act constituted an estoppel, bar or release where, by inadvertence, the claim purports to be for a much smaller sum than the petitioner intended to demand.

It appears from the stipulated facts that the plaintiff's Federal Tort Claim arose out of an accident occurring November 12, 1960. On October 27, 1961, plaintiff executed an administrative claim for $235, which was mailed to the administrative agency November 6, 1961. On November 2, 1961, plaintiff filed her complaint herein demanding damages in the sum of $25,000, plus medical and other expenses. On January 10, 1962, administrative claim was approved and settlement warrant for $235 was mailed to the plaintiff. On January 15 plaintiff refused to accept it and returned the warrant to the adminstrative agency. On February 18, 1962, the parties stipulated " * * * that the cause herein may first be submitted to the court for decision on the separate issue of the legal effect of a certain administrative claim filed by petitioner in connection with this accident and the tender in payment by the Government of the full amount thereof, and whether the same constitutes an estoppel, bar or release as to all or any portion of the claim for damages alleged by plaintiff in her complaint on file herein.

"IT IS FURTHER STIPULATED that said determination by the court may be made upon the basis of the pleadings on file herein, the following agreed statement of facts and exhibits attached hereto * * *"

Thereafter on March 5, petitioner's attorney filed an affidavit alleging that by inadvertence an administrative claim had been made out for $235 instead of $25,-000 as intended and requested permission to amend the claim. This affidavit does not appear to be part of any motion or other proceeding, nor is it among those papers upon which it has been stipulated the court may rely. However, even giving it full consideration we feel the result would be no different.

■ The filing of an administrative claim is not a prerequisite to filing or maintaining an action in this court, especially when the demand is in excess of $2,500. As the matter now stands, however, plaintiff is making inconsistent demands and will of necessity be required to elect between them. It might be argued that her refusal to accept the tender constituted an election not to rely upon the administrative claim as filed, especially in view of the request made by her counsel that he be permitted to amend it. These are administrative matters and should be handled at that level.

■ However, the claim contains the following language: "I agree to accept said sum in full satisfaction and final settlement of this claim." There is no indication in the evidence before this court that the plaintiff has attempted to repudiate, withdraw, or in any manner terminate the effect of this statement. Until she has been released from its obligations in some appropriate manner or

has exhausted her administrative efforts to do so, she may not maintain this action.

The action, therefore, is dismissed without prejudice.