**Dorothea E. WHISTLER, Plaintiff,**

v.

**UNITED STATES of America, Defendant and Third-party Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Third-party Defendant.**

**Civ. No. 315.**

United States District Court
N. D. Indiana,
Hammond Division, at Lafayette.

Feb. 21, 1966.

Samuel H. Power, Frank S. Pryor, Frankfort, Ind., Watson C. McCormick, Delphi, Ind., Warren N. Eggleston, of Ball, Eggleston & King, Lafayette, Ind., for plaintiff.

Alfred W. Moellering, U. S. Atty., for defendant and third-party plaintiff, United States.

Charles R. Vaughan, Vaughan & Vaughan, Lafayette, Ind., for third-party defendant, State Farm Mut. Auto. Ins. Co.

ESCHBACH, District Judge.

This matter is now before the court on the defendant's motion, filed December 14, 1965, to dismiss, for summary judgment, or, in the alternative, to remand the case to the state court. The motions must be denied.

This case was originally brought in the state court by the plaintiff against Kenneth Leroy Larson by a complaint filed on February 16, 1965, seeking recovery for damages alleged to have been caused by an accident on February 27, 1963, slightly less than two years before the filing of the complaint. On March 8, 1965, counsel for the then-defendant Larson entered a special appearance. The following day, March 9, the United States of America filed a petition for removal, contending that the then-defendant Larson was an employee of the United States and that he was acting within the scope of his employment at the time of the accident so that the removal was required under the Federal Tort Claims Act. 28 U.S.C. § 2679. The United States now contends by its present motion that since the action (1) was not brought against the United States within the two-year period of limitations for federal tort claims, and (2) can be brought only against the United States and not against a federal employee who was acting within the scope of his agency, and (3) was not brought according to the procedures provided by the Federal Tort Claims Act, the action should be dismissed or summary judgment awarded in favor of the defendant, United States. The defendant also contends that if the action is not one under the Federal Tort Claims

Act, then the action should be remanded to the state court and Kenneth Leroy Larson be resubstituted for the United States as defendant. Since no party has opposed the Government's contention that Larson was acting within the scope of his employment, the action is one that must be governed by the provisions of the Federal Tort Claims Act and cannot be remanded to the state court.

■ The Federal Tort Claims Act provides that the exclusive remedy for claims against federal employees "for damage * * * or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment" shall be by suit against the United States and not by action against the individual employee or his estate. 28 U.S.C. § 2679(b). The statute of limitations under the Act provides that "[a] tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *." 28 U.S.C. § 2401. It is clear that had the plaintiff here brought an action against the United States on March 9, 1965, based upon an accident which occurred February 27, 1963, that action would have to be dismissed as untimely brought. The United States contends that the same result must be reached here because the United States was not named in the original complaint and because the United States did not become a party to the action until it initiated the removal after the period had run.

It might at first be thought that § 2679(b) has eliminated actions against individual federal employees for all purposes. As a practical matter, such actions cannot prevail. However, subsequent subsections of the same section indicate an awareness by Congress that such actions may still be filed. Thus, it is provided that an employee may use certain procedures to bring to the Government's attention a suit filed against the employee individually, and the Attorney General is directed to defend such

a suit that is brought "in any court." 28 U.S.C. § 2679(c). Specific removal procedures are provided for any such suit that has been brought in a state court. 28 U.S.C. § 2679(d). While the statute has rendered futile such attempts to sue individual employees and to litigate federal tort claims in the state courts, it has not in some mystical way abolished the bringing of such actions, although this seems to be the Government's position. If this were the effect of § 2679(b), subsection (c) would be meaningless in some of its aspects, and subsection (d) would be wholly meaningless. Although the language of subsection (b) provides that an action against the United States in the federal courts "shall hereafter be exclusive of any other civil action * * * against the employee * * *" in federal tort claims cases, Congress did not intend to eliminate all the legal effects of the bringing of actions against individual employees in the state court. If the bringing of such an action were ineffective for all purposes, then that action could not be removed as provided in subsection (d) or defended by the Attorney General as provided in subsection (c). The bringing of such action in the state court, therefore, must at least be effective to give the action status as a claim that can be removed and subsequently litigated. From a practical standpoint and from a realistic interpretation of the intention of Congress in its enactment of § 2679(b)–(d), the original suit must also be effective for purposes of determining whether it was brought within the period of the statute of limitations provided by 28 U.S.C. § 2401(b).

The only reason for enacting these additional subsections in 1961 was the desire to protect the individual federal employees from personal tort liability while acting within the scope of their Government employment. This is made clear in S.Rep. No. 736, 87th Cong., 1st Sess. (1961). 2 U.S.Code Cong. & Ad.News, pp. 2784–2797 (1961). Similar legislation had been passed by the prior Congress, but was vetoed by the President

solely because the legislation as passed required the consent of the plaintiff before a state court action could be removed to the federal court. 1 U.S.Code Cong. & Ad. News 1563 (1960). In 1961 the bill reported out of the Senate Committee on the Judiciary also contained a provision requiring the plaintiff's consent for removal. 2 U.S.Code Cong. & Ad. News, pp. 2788–2789 (1961). This provision was eliminated in the final version of the bill, which was enacted and is now 28 U.S.C. § 2679(b)–(e). The eliminated provision was stricken from the bill because of a fear that its inclusion might stand in the way of full protection for the individual employee. See 107 Cong. Rec. 18499–18501 (1961) (remarks of Senator Keating, Senator Johnston, and Senator Ervin). It appears from this legislative history that Congress felt required to choose between its desire to retain the plaintiff's freedom of choice of forum and its desire to enact maximum protection for the federal employees. In the final enactment, Congress decided that the former must be sacrificed to the latter.

While federal tort claim litigation is now barred from the state courts, there is no indication that Congress intended by this legislation to make the federal tort claim statute of limitations a bar to all state actions not removed within the two-year period. There is good reason why Congress did not require this. A plaintiff has no control over such removal. There is no sure way that a plaintiff can know his action is an appropriate federal tort claim until the Attorney General certifies that the employee was acting within the scope of his employment at the time of the incident which gave rise to the claim. There is no good reason why a plaintiff should trust the United States to concede that element of its own liability on any case that is filed in a federal court. If the employee was not acting within the scope of his employment at the crucial time, the plaintiff has a right of action against the individual employee and has a right to bring that action in the state court and demand a

jury trial if he so desires. At the time a suit is filed, the issue of employment cannot yet have been determined. If a suit is filed in federal court and it later is determined that the employee was not acting within the scope of his employment, the suit may be dismissed for lack of jurisdiction. The plaintiff may then be without a remedy if the statute has run in the state court. All this may occur although the plaintiff has a good case against the individual employee and has initiated an action within two years.

A literal reading of the statute of limitations does not require removal before the end of the two-year period. It provides that a federal tort claim shall be barred "unless action is begun within two years after such claim accrues * * *." 28 U.S.C. § 2401(b). In the instant case an action was brought within two years after the claim accrued. It was only the removal, which was entirely outside the control or the responsibility of the plaintiff, that occurred after the two-year period had run. Certainly, in a case such as this, where the United States must have had timely notice of the suit in order to file its removal petition within nine days after the expiration of the two-year period, no prejudice can have resulted to the defendant United States. This would be true in all such cases where the original complaint is filed within the two-year period and the employee reports to the Government as provided in § 2679(c).

This is not a case where the wrong defendant was named, as in Jacobsen v. United States, 160 F.Supp. 491 (E.D.Pa. 1958); Lomax v. United States, 155 F.Supp. 354 (E.D.Pa.1957); Walder v. United States of America Post Office, 179 F.Supp. 956 (E.D.Pa.1959). In the Jacobsen and Lomax cases it was held that the plaintiff had named the wrong party defendant by naming the United States Post Office Department instead of naming the United States, contrary to 28 U.S.C. § 2679(a). The "wrong" defendant had been named before the statutory period had run, but the United States had not been named defendant un-

til after the period had run. The actions were therefore dismissed. It cannot be maintained, however, that the plaintiff in the instant case sued the "wrong" defendant. Whether or not the individual employee could be sued in this case depended on whether or not he was acting within the scope of his employment at the time of the accident. At the time of the filing of the complaint, this was a question of fact yet to be determined. The plaintiff did not allege any claim against the Government and did not allege any such agency. Nor is the plaintiff required to make that determination at his peril. If the United States determines that a state court suit, timely filed, is a federal tort claim under 28 U.S.C. §§ 1346(b) and 2679(b), then it is the Government's responsibility to remove it under § 2679(d) after the employee has notified the Government under § 2679(c). At the time of the filing of suit, as far as the plaintiff could then know, the named defendant, Kenneth Leroy Larson, was not the "wrong" defendant so as to bring this case within the rationale of the *Jacobsen* and *Lomax* cases, supra. The case of Hoch v. Carter, 242 F.Supp. 863 (S.D.N.Y.1965) is not in point, since there the action was brought against the individual employee *after* the running of the two-year statutory period. There is no question of "waiver" of the statute of limitations, since this court holds that the statute of limitations did not run against the plaintiff in this case.

■ The defendant also contends that the plaintiff is barred from federal tort claim recovery for her failure to follow the procedures required by 28 U.S.C. § 2675. However, the plaintiff never filed an administrative claim and is not now trying to maintain an action while such a claim is pending. The statutory language does not require that an administrative claim be filed before a civil action can be maintained, and the cases do not so hold. Schlingman v. United States, 229 F.Supp. 454, 455 (S.D. Cal.1963).

■ The plaintiff filed an action which, under all the facts established or alleged at the time of filing, she had a right to file in the state court. That action was brought within the two-year statute of limitations for federal tort claims, although the plaintiff at that time was not alleging a federal tort claim. Subsequently, the United States of America itself raised for the first time the question of the applicability of the Federal Tort Claims Act and conceded that the named individual defendant was in fact a federal employee acting within the scope of his employment. The United States then removed the case to the federal court as a federal tort claim and substituted itself as the defendant, as it was required to do under 28 U.S.C. § 2679. The plaintiff acquiesced in all of this and accepted the new defendant's concession of agency between itself and the original defendant. The case is now at issue in the forum and in the manner contemplated by Congress. It is irrelevant that the United States did not remove the case until after the two-year period had expired. The test under the statute of limitations here involved is whether the suit against the appropriate individual federal employee was brought within the two-year period in a court having jurisdiction of the action unless and until it is removed by the Government pursuant to the Federal Tort Claims Act.

Accordingly, the defendant's motions to dismiss, for summary judgment, or, in the alternative, to remand are all denied.