**Emily M. STALEY and Roscoe R. Staley, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 69-209.**

United States District Court
M. D. Pennsylvania.

Nov. 28, 1969.

---

John E. O'Connor, Flanagan, Doran, Biscontini & Shaffer, Wilkes-Barre, Pa., for plaintiffs.

Bernard J. Brown, U. S. Atty., Julius Altman, Asst. U. S. Atty., Scranton, Pa., for defendant.

SHERIDAN, Chief Judge.

This is a ruling on a motion of defendant, United States of America, to dismiss the complaint.

Plaintiffs, Emily M. Staley and Roscoe R. Staley, filed this action pursuant to the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b) and 2671 et seq. The complaint alleges that on April 8, 1963, and again on April 27, 1966, Mrs. Staley underwent surgery at Fitzsimmons General Hospital, Denver, Colorado, which was negligently performed by Government medical personnel; and that the negligence was not discovered until October 3, 1968, when Mrs. Staley underwent corrective surgery at the Wilkes-Barre General Hospital, Wilkes-Barre, Pennsylvania.

The defendant raises the bar of the statute of limitations without indicating the applicable statute. Apparently defendant contends that the causes of action arose on April 8, 1963, and April 27, 1966, when the surgery was performed, and are barred by 28 U.S.C.A. § 2401, subsection (b), which provides:

"§ 2401. Time for commencing action against United States

\* \* \* \* \* \*

"(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. As amended July 18, 1966, Pub.L. 89–506, § 7, 80 Stat. 307."

Plaintiffs argue that state law governs the time that a cause of action comes into existence, and that under Pennsylvania law a cause of action for medical malpractice does not accrue until the patient learns, or by the exercise of reason-

able diligence should have learned, of the malpractice, citing Ayers v. Morgan, 1959, 397 Pa. 282, 154 A.2d 788.[1]

Accrual of a cause of action in a tort claim against the United States is a matter of federal and not state law. Mendiola v. United States, 5 Cir. 1968, 401 F.2d 695; Kington v. United States, 6 Cir. 1968, 396 F.2d 9. Prior to an amendment on July 18, 1966, Section 2401 (b) provided that a tort action against the United States was barred unless action was begun within two years after the claim accrued. Under this section, the federal rule adopted for malpractice suits against the United States was that the action must be maintained within two years after the claimant discovered, or in the exercise of reasonable diligence should have discovered, the existence of the acts of malpractice upon which his claim is based. Brown v. United States, 9 Cir. 1965, 353 F.2d 578; Quinton v. United States, 5 Cir. 1962, 304 F.2d 234; cf. Mendiola v. United States, supra.

Section 2401(b), as amended in 1966, provides that the claim is barred unless it is presented to an appropriate agency within two years after the claim *accrues*, or unless action is begun within six months after denial of the claim. The amendment does not affect settled case law as to when an action accrues. Plaintiffs have alleged that the "condition was not discovered by reasonable care" until October 3, 1968. This appears to be an allegation that plaintiffs did not discover, and by the exercise of reasonable diligence could not have discovered, the existence of acts of malpractice.

The defendant also moves to dismiss because plaintiffs failed to file an administrative claim with the United States as required by 28 U.S.C.A. § 2675. Plaintiffs admit that they have not filed a claim and that it should have been filed.

Section 2675 was also amended on July 18, 1966, to provide:

"§ 2675.   Disposition by federal agency as prerequisite; evidence

"(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

Prior to the amendment, there were cases which held that the filing of an administrative claim was not a prerequisite to filing suit. Schlingham v. United States, S.D.Cal.1963, 229 F.Supp. 454; Whistler v. United States, N.D.Ind.1966, 252 F. Supp. 913. The amendment, which was effective in January 1967, made the filing of an administrative claim a prerequisite to a civil action under the Federal Tort Claims Act. This is abundantly clear from the legislative history of the amendment. Senate Report No. 1327, 89th Cong., 2nd Sess., U.S.Code Cong. & Adm.News, p. 2515 (1966). The amendment has been so construed. Beavers v. United States, S.D.Texas 1968, 291 F. Supp. 856. At the same time, Section 2401(b) was amended to provide a period of limitation for court action *after* the agency disposed of the claim. The action will be dismissed.

An appropriate order will issue.

---

1. In view of the disposition of defendant's motion, it is not necessary to discuss state conflict of law rules.