Frankie SMITH et al., Plaintiffs,

v.

UNITED STATES of America and William B. Hall, Defendants.

Civ. A. No. C–71–138.

United States District Court,
W. D. Tennessee, W. D.

April 29, 1971.

Robert S. Thomas, Ripley, Tenn., for plaintiffs.

Kemper B. Durand, Asst. U. S. Atty., Memphis, Tenn., for defendants.

ORDER ALLOWING REMOVAL OF CAUSE AND GRANTING PLAINTIFF ADDITIONAL TIME IN WHICH TO PLEAD

WELLFORD, District Judge.

Plaintiff, John Fitzgerald Smith, a minor, brought an action in state court on January 13, 1971, by his mother and next friend, Frankie Smith, against defendant, William B. Hall, for damages for personal injuries received in an automobile accident allegedly caused by the negligence of defendant, in the Circuit Court of Lauderdale County, Tennessee. William B. Hall was an employee of the Agricultural Stabilization and Conservation Service, Department of Agriculture, at the time of the accident. The United States of America, by the United States Attorney, certified that Hall was acting within the scope of his employment at the time of the accident and sought removal to this Court pursuant to 28 U.S. C. § 2679, which, it is contended, requires the substitution of the United States of America as party defendant in these circumstances.

Defendant, United States of America, has also filed a motion to dismiss this tort action on the grounds that the plaintiff did not file his claim with the appropriate federal agency prior to the institution of this suit as required by 28 U.S.C. § 2675.

This Court, after oral argument, indicated its inclination against removal of this cause and expressed an intention to remand it back to the state court as filed originally without the United States of America as a party. An examination of the authorities compels the Court, however, to abandon its intent.

The plaintiff asserts that it was not his desire to bring an action against the United States in Federal Court. To the contrary, he originated this action against a private individual in state court and opposes its removal to this Court and does not desire to present any claim against the United States of America.

28 U.S.C. § 2679(b) was enacted as part of the 1961 amendments to the Federal Tort Claims Act [28 U.S.C. §§ 1346, 1504, 2401, 2402, 2671–80] and was itself amended in 1966. Prior to the passage of this statute, a person injured in an automobile accident by a federal employee driving in the scope of his employment could sue either the United States or the employee. Section 2679(b) (known as the Federal Drivers Act) now makes the remedy against the United States provided for by 28 U.S.C. § 1346 (b) and 28 U.S.C. § 2672 for claims arising from the operation of motor vehicles by Government employees *exclusive of any other civil action or proceeding* by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim". (emphasis ours)

As the legislative history of this section indicates, and as many courts have recognized, the purpose of this provision was to protect Government drivers from personal liability on claims resulting from accidents occurring within the scope of their employment. 107 Cong.Rec. 18, 499–500, 87th Cong., 1st Sess., U.S.Code Cong. & Admin.News, 1961, p. 2784; Carr v. United States, 422 F.2d 1007 (4th Cir., 1970); Noga v. United States, 411 F.2d 943 (9th Cir.), cert. denied, 396 U.S. 841, 90 S.Ct. 104, 24 L.Ed.2d 92 (1969); Vantrease v. United States, 400 F.2d 853 (6th Cir., 1968); Van Houten v. Ralls, 411 F.2d 940 (9th Cir.) cert. denied, 396 U.S. 962, 90 S.Ct. 436, 24 L.Ed.2d 426 (1969), reh. den. 397 U.S. 930, 90 S.Ct. 900, 25 L.Ed.2d 110.

28 U.S.C. § 2679(d) provides that upon certification by the United

States Attorney that a driver was acting within the scope of his employment, as an employee of the United States Government, the cause shall be removed to the appropriate federal district court and "the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto". The exclusiveness of the remedy under § 2679 precludes final adjudication against such driver in state court, where it has been established that the driver was acting within the scope of his employment. Meeker v. United States, 435 F.2d 1219 (8th Cir., 1970); Whealton v. United States, 271 F.Supp. 770 (E.D.Va., 1967); Reynaud v. United States, 259 F.Supp. 945 (W.D.Mo., 1966). See generally annot. 16 A.L.R. 3d 1394, 1402 (1967).

As stated by the Court in Meeker v. United States, *supra*, 435 F.2d at p. 1222:

"Where an action is initially commenced in a state court against the individual driver * * * effectuation of the exclusive remedy provision of § 2679(b) is accomplished under subsection (d) of that statute. * * * In view of [the statutory] language, appellant's claim, which concededly had its origin in the negligence of a Government employee who was acting within the scope of his employment, could not be removed from the ambit of 28 U.S.C. § 2671 et seq. (Federal Tort Claims Act) * * * by the filing of a suit against the employee in a state court."

■ In other words, after an action has been brought against a government employee in state court, and the Attorney General certifies or it is otherwise conceded that said employee was acting within the scope of his employment at the time of the accident, the plaintiff no longer has a right to sue the employee individually in state court; on the contrary, the plaintiff's sole and exclusive remedy is against the United States. Hoch v. Carter, 242 F.Supp. 863 (D.C. N.Y., 1965); Perez v. United States, 218

F.Supp. 571 (S.D.N.Y., 1963); Gustafson v. Peck, 216 F.Supp. 370 (N.D. Iowa, 1963); Whealton v. United States, 271 F.Supp. 770 (D.C.Va., 1970); Noga v. United States, *supra*; Vantrease v. United States, *supra*; Meeker v. United States, *supra*.

■■ Since it appears, regardless of the desires of plaintiff, that removal to federal court is appropriate in this cause, the Court must reluctantly still refrain from exercising jurisdiction unless it can be established that prior to the institution of this suit a claim was filed with the appropriate administrative agency pursuant to the requirements of 28 U.S. C. § 2675(a). See Driggers v. United States, 309 F.Supp. 1377 (D.C.S.C., 1970); Claremont Aircraft, Inc. v. United States, 420 F.2d 896 (9 Cir. 1969); Peterson v. United States, 428 F.2d 368 (8th Cir. 1970); Meeker v. United States, *supra*; Schlingnian v. United States, 229 F.Supp. 454 (D.C.Cal., 1963); Gutelius v. United States, 312 F.Supp. 51 (D.C.Va., 1970); Cambridge Forest Apartments, Inc. v. United States, 307 F.Supp. 1191 (D.C.Ga.1969); Staley v. United States, 306 F.Supp. 521 (D.C. Pa., 1969); but see Whistler v. United States, 252 F.Supp. 913 (D.C.Ind., 1966). It is generally conceded that a plaintiff does not satisfy the requirement of filing an administrative claim by commencing an action in state court against the individual employee. 28 C.F.R. § 14.2; Gunstream v. United States, 307 F.Supp. 366 (C.D.Cal., 1969); Meeker v. United States, *supra*.

■ An affidavit has been filed by defendant United States of America asserting that there has not been, in fact, a claim filed with the appropriate administrative agency, which in this case would be either the Agricultural Stabilization and Conservation Board or the Department of Agriculture. Nothing has been filed by the plaintiff to refute such an assertion. Therefore, the Court shall allow plaintiff a period of ten (10) days in which to present some evidence of his having filed an administrative

claim. In the event plaintiff fails to present, or cannot present, such evidence, the Court must regretfully hold that it does not have jurisdiction in this action and defendant's motion to dismiss will have to be granted. 28 U.S.C. § 2675(a).

The Court feels that the law should permit plaintiff his option, under the circumstances present, to pursue his case in state court. Still, the court will have to adhere to what seems settled law under the authorities cited and grant the removal.