Edward F. McLAUGHLIN, Jr., Trustee in Bankruptcy of Photon, Inc.

v.

Robert M. CAMPBELL et al.

Civ. A. No. 74–697–F.

United States District Court, D. Massachusetts.

Jan. 14, 1976.

Daniel B. Bickford, M. Vance Munro, Daniel O'Connell & Vincent J. Cherry, Gaston Snow & Ely Bartlett, Boston, Mass., for Edward J. McLaughlin, trustee in Bank.

Daniel O'Connell, Gaston, Snow & Ely Bartlett, Boston, Mass., for plaintiffs.

Gael Mahony, Hill & Barlow, Boston, Mass., for Stebbins & Testa.

Stephen Moulton, Moulton, Looney, Mazzone, Falk & Markham, Boston, Mass., for Robert M. Campbell.

Erik Lund, Burns & Levinson, Boston, Mass., for intervenor Am. Home Assur.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

The instant motion to dismiss has been brought by defendants Stebbins and Testa[1]; defendant Campbell does not join in the motion. They seek dismissal of the federal securities law claims, Counts I–III, under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Their motion with respect to the common law claims, Counts V and VI, is grounded upon lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1)—i. e., if Counts I–III are dismissed, there is no federal question and thus nothing upon which to base the pendent state law claims.

The gravamen of the complaint is that corporate mismanagement by defendant Campbell, the former president of Photon, Inc. ("Photon"),[2] aided by defendant accountants caused a collapse of the business. It is settled that the fact that there is a common law claim for mismanagement does not preclude an action under the securities laws if one can be found to lie. *Superintendent of Insurance v. Bankers Life and Casualty Co.*, 404 U.S. 6, 12, 92 S.Ct. 165, 169, 30 L.Ed.2d 128, 134 (1971). There is no question but that the common law counts state a claim. The basic issue, rather, turns upon whether claims lie under the securities laws based upon what plaintiff concedes to be novel theories.

The Court turns first to Counts II and III which claim violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5. In order to state a claim under this provision a plaintiff must be either a purchaser or a seller of securities. This requirement has long been the rule in these cases based upon the seminal Circuit decision, *Birnbaum v. Newport Steel Corp.*, 193 F.2d 461, *cert. denied*, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952), and the rule was recently affirmed by the Supreme Court in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539, 43 U.S.L.W. 4707 (1975). It is settled that an issuer such as Photon, or in this case its trustee in bankruptcy, may sue as a seller of securities. *Schoenbaum v. Firstbrook*, 405 F.2d 215 (2d Cir. 1968).

Turning to the allegations of Count II, there is only one specific transaction alleged—the sale of convertible promissory notes in 1968 to the Prudential Life Insurance Company and others.[3]

---

1. Defendant Moran, whose alleged role was similar to that of Stebbins and Testa, was not a party to the case at the time of the hearing on the motion.

2. Photon, Inc. was the original plaintiff; its trustee in bankruptcy, Edward F. McLaughlin, Jr., has since been substituted as plaintiff.

3. It is clear that promissory notes are "securities" under § 3(a)(10) of the Act, 15 U.S.C. § 78c(a)(10).

Plaintiff trustee alleges further that ". . . Photon was also engaged in other sales of and offers to sell its securities pursuant to various financings and stock option plans." *Amended Complaint*, Par. 28. It seems clear from *Blue Chip Stamps* and from general tort concepts of reliance, materiality, etc., that specific transactions must be alleged in order to state a claim under § 10(b). Thus for purposes of Count II, the Court will consider only the question of whether the sale by Photon of the promissory notes is adequate to support its securities claim.

■ Both parties have cited *Boone v. Baugh*, 308 F.2d 711 (8th Cir. 1962), in their memoranda as setting forth the basic requirements for a violation of § 10(b). That formulation requires:

1. Use of mails or instrumentalities of interstate commerce.

2. Purchase or sale of a security.

3. Use of a manipulative or deceptive device.

There can be no violation of the statute unless all three acts are proven and a proper relationship among these acts is shown. *Id.* at 713.

For purposes of Count II, elements one through three are sufficiently alleged. The nub of the issue is whether a "proper relationship" among the elements has been shown. Briefly stated, plaintiff's argument is that erroneous reports prepared by defendants caused Photon to conduct its business less cautiously than it would have, had the true facts been presented; that it over-extended itself by selling the notes in 1968; that this over-extension and general mismanagement put Photon in a precarious financial condition and brought about a breakdown of internal accounting procedures; and that substantial injury resulted in that Photon was forced to suspend trading its securities.

It is the view of this Court that the sale of the promissory notes was incidental to the problem of mismanagement which forms the basis of the complaint.

The damages alleged under this section do not appear to be causally related to the allegations of the § 10(b) violation. The connection between the 1968 transaction and the harm alleged in the complaint is simply too attenuated to support such a claim under § 10(b). I make this finding bearing in mind the broad reading which this section has received: "Section 10(b) must be read flexibly, not technically and restrictively. Since there was a 'sale' of a security and fraud was used in connection with it, there is redress under § 10(b), whatever might be available as a remedy under state law." *Superintendent of Insurance v. Bankers Life and Casualty Co., supra*, 404 U.S. at 12, 92 S.Ct. at 169, 30 L.Ed.2d at 134.

In this case, the count based upon the sale of the notes appears to be something of an afterthought. The particularity of pleading required by Fed.R. Civ.P. 9(b) is noticeably lacking with respect to the 1968 sale. Paragraph 16 of the complaint alleges specific instances of fraud, but none of these refer to the 1968 transaction. I do not base my ruling on this aspect of the motion on Rule 9, however; I find that plaintiff trustee has failed to state a claim under Rule 12(b)(6) and make my ruling on that basis.

■ Count III is also grounded upon § 10(b) and Rule 10b–5. Unlike Count II, however, plaintiff here concedes that Photon was neither a purchaser nor a seller for purposes of this count: "The purchases and sales alleged in Count III are not those of Photon itself; rather they are those of traders in its common stocks." *Memorandum in Opposition to Motion of Defendants Stebbins and Testa to Dismiss*, at 35. Under the holding of *Blue Chip Stamps v. Manor Drug Stores, supra*, it is clear that no claim has been stated. The supplemental memorandum filed by the trustee has added nothing which would change this result.

■ Count I asserts several sections of the Securities Exchange Act of 1934, but apparently relies seriously only upon

§§ 13(a), 20(b) and 20(c), 15 U.S.C. §§ 78m(a), 78t(b) and 78t(c).[4] Section 13(a)[5] requires the filing of certain reports with the Securities Exchange Commission ("SEC"). Plaintiff has carefully and specifically set forth in his complaint allegations which, if proved, would constitute violations of § 13(a). The question for the Court is whether there is an implied right of action under this section. The trustee asserts that the securities laws should be liberally construed and that courts have generally been willing to recognize implied causes of action. *See, e. g., J. I. Case Co. v. Borak*, 377 U.S. 426, 432, 84 S.Ct. 1555, 1559, 12 L.Ed.2d 423, 427 (1964). The decided cases under § 13(a) provide conflicting answers to the question. *Compare, Kaminsky v. Abrams*, 281 F.Supp. 501 (S.D.N.Y.1968), and *Kroese v. Crawford*, [1961–1964 Transfer Binder] CCH Fed. Sec.L.Rep. Par. 91,262 (S.D.N.Y.1963) (implied cause of action found), *with, In Re Penn Central Securities Litigation*, 347 F.Supp. 1327, 1340 (E.D.Pa.1972), and *duPont v. Wyly*, 61 F.R.D. 615, 628 (D.Del.1973) (no implied cause of action).

Defendants argue that Chief Judge Lord's holding in *In Re Penn Central* that there is no implied right of action is the better view. His conclusion turned on the fact that § 18(a) of the Act, 15 U.S.C. § 78r(a), deals precisely with civil liability for failure to comply with the reporting requirements. "Where Congress has specifically authorized a remedy for violation of an act, the courts should not nullify the congressional scheme by implying a right of action . . . ." *Id.,* 347 F.Supp. at 1340. *In Re Penn Central* considered both *Kroese v. Crawford, supra,* and *Kaminsky v. Abrams, supra,* and rejected their conclusions. "Given the express civil remedy for § 13(a) provided by § 18(a), we conclude that § 13(a) does not afford a private right of action. . . ." *In Re Penn Central, supra,* 347 F.Supp. at 1340. I concur with this view and thus find no right of action under § 13(a).

As to §§ 20(b) and 20(c), the Court views their inclusion as a further attempt to imply a civil remedy where an express one already exists under § 18. Neither the legislative history nor the language of these sections supports plaintiff's position here. Further, the language of the Supreme Court in *Blue Chip Stamps v. Manor Drug Stores, supra,* 421 U.S. at 734, 95 S.Ct. at 1925, 44 L.Ed.2d at 549, 43 U.S.L.W. at 4711, suggests that implied causes of action should be narrowly construed. This Court declines the invitation to broaden the sweep of these sections to limits clearly beyond those intended by Congress.

In accordance with the foregoing, the motion to dismiss Count I as to defendants Stebbins and Testa is allowed.

Having dismissed the federal claims as to defendants Stebbins and Testa, I now turn to the question of whether this Court has jurisdiction over the state law claims in Counts V and VI.

---

**4.** Plaintiff trustee has not pressed his contentions with respect to §§ 14 and 15 of the Act and apparently concedes that they are groundless. The motion is therefore allowed as to these sections.

**5.** 78m. Periodical and other reports

(a) Every issuer of a security registered pursuant to section 78*l* of this title shall file with the Commission, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate for the proper protection of investors and to insure fair dealing in the security—

(1) such information and documents (and such copies thereof) as the Commission shall require to keep reasonably current the information and documents required to be included in or filed with an application or registration statement filed pursuant to section 78*l* of this title, except that the Commission may not require the filing of any material contract wholly executed before July 1, 1962.

(2) such annual reports (and such copies thereof), certified if required by the rules and regulations of the Commission by independent public accountants, and such quarterly reports (and such copies thereof), as the Commission may prescribe.

Every issuer of a security registered on a national securities exchange shall also file a duplicate original of such information, documents, and reports with the exchange.

Defendants argue that since the state claims are no longer supported by viable federal claims the former must be dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The leading case on pendent jurisdiction, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), appears to support this position. In discussing the scope of federal court jurisdiction to determine state claims, Mr. Justice Brennan, in dicta, stated: "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228. It is important to note, however, that the Supreme Court did not regard such a situation as one in which a federal court lacks the *power* to decide the case. Rather, Mr. Justice Brennan's statement was made more as guidance for a court's exercise of discretion in declining to entertain a state claim. *See*, Hart and Wechsler's, The Federal Courts and the Federal System, p. 925 (2d ed. 1973). The decision on whether to exercise jurisdiction depends upon " . . . considerations of judicial economy, convenience and fairness to litigants. . . ." *United Mine Workers v. Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228. This case presents a close question, but I resolve it in favor of defendant accountants. The counts which remain against Stebbins and Testa do not include defendant Campbell, and while it is clear that some of the evidence necessary for proving Counts V and VI will be essential in the case against Campbell, this reason is not so compelling as to convince this Court to entertain federal jurisdiction where the federal questions have been disposed of and there is no diversity as to defendant moving parties.[6] Having said this, I am disposed to dismiss Counts V and VI; however, in fairness to plaintiff it should be first established that these claims are not barred by the state statute of limitations. If this action were so barred, the Court would be inclined to reconsider its decision today. As previously noted, I plainly have the power to entertain jurisdiction.

Accordingly, I order as follows:

1. Counts I–III are dismissed for failure to state a claim.

2. Counts V and VI are dismissed in the discretion of the Court provided that these counts may still be brought in state court.

The Court withholds entry of judgment until the statute of limitations question has been resolved. The parties are to file memoranda on this issue within 21 days of the date of this memorandum and order.

6. There is diversity as to defendant Campbell.