Mathias Leo **MILLER**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

No. 4–76–Civ. 12.

United States District Court,
D. Minnesota,
Fourth Division.

June 9, 1976.

J. J. Willenbring, Willenbring, Lickteig & Dahl, Cold Spring, Minn., for plaintiff.

Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

LARSON, District Judge.

On October 10, 1973, plaintiff Mathias Miller, while driving a pickup truck owned by Donald Kiess, and towing a trailer owned by the plaintiff, was involved in a collision with a vehicle driven by Robert A. Voss. Voss was operating within the scope of his employment as a meat and poultry inspector for the Department of Agriculture. On April 17, 1974, Kiess and Miller commenced a State court proceeding against Voss, seeking property damages of $900 for Kiess and personal injury damages of $25,000 for Miller. Voss notified his superiors, who brought the matter to the attention of the United States Attorney. On May 9, 1974, a letter was sent by the United States Attorney to J. J. Willenbring, attorney for the two State court plaintiffs, explaining that an administrative claim would have to be filed with the Department of Agriculture pursuant to 28 U.S.C. § 2675, since Voss was a Federal employee who had been operating within the scope of his employment on the day of the accident. To assist Mr. Willenbring in that endeavor, Government counsel enclosed several copies of Standard Form 95, commonly used for the filing of such administrative claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.* Apparently recognizing their need to exhaust administrative remedies, Kiess and Miller voluntarily dismissed the State action on June 21, 1974.

Mr. Willenbring did file an administrative claim on Form 95 on behalf of Kiess on the day following dismissal of the State court action.[1] That claim, which sought $821 for property damage, was allowed in part by the Department of Agriculture, and Kiess settled for a recovery of $671 in January 1975. An administrative claim was not filed immediately on behalf of Miller, however, and on November 18, 1974, Mr. Willenbring stated in a letter to the Acting General Counsel of the Department of Agriculture:

> "You understand that *a claim will be made* for damages for injuries arising out of this accident which were sustained by Mathias Leo Miller, but as of yet, I have not been able to receive a written medical report from his doctor. As soon as I have this report, I will file a claim for him." [Emphasis supplied.]

More than one year later, on November 25, 1975, the Department of Agriculture received an administrative claim, filed on Standard Form 95, seeking a total of $5,750 in personal injury and property damages alleged to be owing to the plaintiff. The administrative claim was denied on December 10, 1975, as being time-barred under the Federal Tort Claims Act. The present action was commenced on January 8, 1976.

The Court presently has before it the motion of the defendant to dismiss for lack of jurisdiction. Oral argument was heard on that motion on June 8, 1976, and the parties have fully briefed the matter. For the reasons set forth herein, the Court will grant the defendant's motion to dismiss.

Section 2675(a) to which plaintiff's attorney was directed by the United States Attorney, provides that a tort claim against the Federal government may not be asserted in litigation "unless the claimant shall have first presented the claim to the appropriate Federal agency" and the agency shall

have acted on it. The time limits for this process are set out in 28 U.S.C. § 2401(b):

> "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

Regulations of the Department of Justice provide that:

> ". . . a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . an executed Standard Form 95 *or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . .*" 28 C.F.R. § 14.2 [Emphasis supplied].

▮ We start with the recognition that the United States may not be sued without its specific consent, *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Minnesota v. United States,* 305 U.S. 382, 387, 59 S.Ct. 292, 83 L.Ed. 235 (1939), that Congress, in granting a waiver of sovereign immunity, may define the exact conditions of such waiver, and that any waiver of immunity must be strictly construed by the courts. *See Honda v. Clark,* 386 U.S. 484, 501, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967). Judicial interpretation of the Federal Tort Claims Act provides no exception to these rules. It is beyond dispute that the filing of an administrative claim is jurisdictional, and "is an absolute prerequisite to maintaining a civil action against the Government for damages arising from a tortious occurrence due to the negligence of a federal employee." *Meeker v. United States,* 435 F.2d 1219, 1220 (8th Cir. 1970). *Accord, Melo v. United States,* 505 F.2d 1026, 1028 (8th Cir. 1974). Moreover, the case law uniformly concludes that,

---

1. The letter accompanying Kiess' administrative claim stated:

> ". . . Mathias Leo Miller sustained serious bodily injuries and also some property damage loss. Mathias Leo Miller's claim *will be filed at a later date.* [Assistant United States Attorney] Stephen Palmer assured me that it is proper . . . to file claim for Mathias Leo Miller for bodily injuries and property damage at a later date." [Emphasis supplied.]

if a sum certain, as required by 28 C.F.R. § 14.2, is lacking from a purported "claim," the claim fails to comply with § 2401(b). *See Avril v. United States,* 461 F.2d 1090, 1091 (9th Cir. 1972); *Bialowas v. United States,* 443 F.2d 1047, 1050 (3d Cir. 1971); *Landis v. United States,* 335 F.Supp. 1321, 1322–23 (N.D.Ohio 1972); *Jordan v. United States,* 333 F.Supp. 987, 990 (E.D.Pa.1971), *aff'd without opinion,* 474 F.2d 1340 (3d Cir. 1973); *Driggers v. United States,* 309 F.Supp. 1377, 1379 (D.S.C.1970).

▮ The plaintiff clearly failed to file an administrative claim within the two years provided by the Act. His attorney implicitly acknowledged this fact on more than one occasion. Mr. Willenbring's letter of November 18, 1974, stated that "a claim *will be made*" upon the happening of certain future events. The letter did not advise that a pending claim would be amended or brought up to date, as provided by 28 C.F.R. § 14.2(b); rather, it simply declared that the plaintiff would file an administrative claim in the future when he finally became prepared to do so. Mr. Willenbring's subsequent conduct on November 25, 1975, in filing a Standard Form 95 on behalf of the plaintiff further demonstrates that no administrative claim had previously been presented as required by § 2675(a). The latter filing occurred 36 days after the statutory time for filing of such a claim had expired, and the Department of Agriculture correctly ruled that this claim was time-barred under the Act. This Court has no power to waive the jurisdictional requirement of timely administrative filing.

▮ The plaintiff seeks to extricate himself from this predicament under any one of four theories. First, he argues, the letter of November 18, 1974, informed the agency's general counsel that a claim would be forthcoming in the near future; this, coupled with the fact that "most of the temporal and geographic factors surrounding the accident would be the same for both Kiess [who had filed a claim] and Miller," is said to fulfill the requirements of § 2401(b). There is no merit to this contention. The statute requires that the *claim* be presented

to the agency within two years, not that the Government be put on *notice* that such a claim will be forthcoming. The Government need not prove prejudice to its interest to raise the defense of § 2401(b); indeed, the Government need not even raise the issue of timeliness at all, for the matter is jurisdictional and must be raised *sua sponte* by the Court. The prophetic declarations of plaintiff's attorney, coming within the statute of limitations, are no more effective in this regard than would be letters to the Clerk of Court indicating an intention to file suit in the future, or letters to an adversary in any civil litigation declaring that suit is soon to be commenced. It is the nature of all statutes of limitations to require the performance of a specific, formal act before a given deadline; by plaintiff's own admission, the formal act required by § 2401(b) was not undertaken here until after the time had run.

▮ Second, the plaintiff urges that the filing of the State lawsuit, when coupled with Voss' duty under 28 U.S.C. § 2679(c) to notify the United States Attorney of such a suit, provided an effective alternative to the ordinary administrative claim. In particular, the plaintiff stresses—as he must—that this technique satisfied the "sum certain" requirement of 28 C.F.R. § 14.2. It is true that Judge Bright, concurring in *Melo v. United States, supra,* at 1030, noted the possibility that a claimant might conceivably be said to have given "actual notice" to the agency of the amount of a claim "by serving a summons and complaint, in the state court action, within two years of the accrual of the claim." At the same time, Judge Bright declared that he was expressing no opinion on that issue. Now that the issue is being squarely faced, this Court is convinced that "a plaintiff does not satisfy the requirement of filing an administrative claim by commencing an action in state court against the individual employee." *Smith v. United States,* 328 F.Supp. 1224, 1226 (W.D.Tenn.1971). The statute requires that the claim be "presented in writing *to the appropriate Federal agency,*" not that it come to the attention of the United

States Attorney by some other means. The "statutory scheme for initial agency consideration of tort claims . . . cannot be so easily defeated." *Meeker v. United States, supra,* at 1221. The Eighth Circuit declared in *Melo v. United States, supra,* at 1029:

". . . We held in *Meeker v. United States,* [*supra*], that the administrative remedy requirements of § 2675 cannot be circumvented by commencing an action against a Government employee in the state court. . . . We adhere to the view there expressed."

Moreover, this very case provides an example of the inadequacy of the State tort action as a means of presenting the agency with a claim for a "sum certain." Section 2675(b) provides that, subject to certain exceptions not here relevant, the amount of the recovery shall not exceed the amount of the claim presented to the Federal agency. In this case, the State tort action, while pleading only $100 in special damages, sought $25,000 for personal injuries to the plaintiff and $750 for property damage to the trailer which he was towing. The tardy administrative claim, however, sought only $5,000 for personal injuries, and $750 for property damage to the trailer. At oral argument, the attorney for the plaintiff contended that were he successful on his argument that the State proceeding complied with the requirements of § 2401(b), he should not be limited to the subsequent administrative claim, but should be permitted to recover the full $25,000 sought in State court. The mischief of this dual system of asserting a "sum certain" is readily apparent. If the question propounded by Judge Bright is answered in the affirmative, and the plaintiff prevails on this second theory, claimants in the future may routinely demand largely inflated sums in

State court, hoping that the United States will act favorably on this "claim;" if the United States does not so act, the claimant could then, years later, file a formal administrative claim more in line with reality. Indeed, under such a system, why should the plaintiff bother to file a formal administrative claim at all? Alternatively, under such a theory, if the State court action is held merely to extend the time for the filing of the formal administrative claim, how is the new cut-off date to be ascertained? For all of these reasons, the Court is satisfied that the filing of the State court action did not satisfy the requirement of § 2401(b).

 Third, the plaintiff urges that his cause of action did not "accrue" within the meaning of § 2401(b) until May 9, 1974, when the United States Attorney informed him by letter that Voss had been acting within the scope of his Federal employment. Plaintiff makes the startling assertion that only then did his claim "arise or become enforceable." There is no merit to this theory. The plaintiff's right to assert a claim against the Federal government was in no way dependent on the Government's admission that Voss had been acting within the scope of his employment; the letter of May 9, 1974, was thus not a prerequisite to the assertion of the claim required by § 2401(b), and such a claim was ripe from and after the day of the collision. To accept the plaintiff's contrary contention would require adoption of a rule whereby no tort statute of limitations would commence running in favor of any employer until he had conceded to an accident victim that the other party to the accident was acting within the scope of his employment. Plaintiff has cited no case to support that rule of law.[2]

2. *Whistler v. United States,* 252 F.Supp. 913, 916 (N.D.Ind.1966), cited by the plaintiff, does not support his theory. That case predated the 1966 amendments to the Federal Tort Claims Act, and dealt with a regime in which a claimant was permitted direct suit against the United States, without filing of any administrative claim. The court there was faced with the issue of whether, under the pre-1966 Act, the

filing of a State court action against a Federal employee within the two year statute of limitations could be relied on to permit removal to Federal court at a time after the two years had elapsed. The court reached the sensible conclusion that the removed case could be given a filing date which "related back" to the filing date of the State court action; thus, one continuous lawsuit was given but one filing date for

Finally, the plaintiff argues that his Federal Tort Claims Act cause of action should be "tolled" for the 65 day period between commencement and voluntary dismissal of the State court proceedings. The only case cited in support of this argument is *Henderson v. United States,* 429 F.2d 588 (10th Cir. 1970). That case, however, like *Whistler v. United States,* 252 F.Supp. 913 (N.D.Ind.1966), dealt only with the question of whether a *removed* action could be given a commencement date relating back to the time of filing of the State action. *See* note 2, *supra.* Both cases stand only for the sensible proposition that one continuous lawsuit shall have but one filing date for all purposes, and they did not involve the "tolling" of any statute of limitations.[3] In any event, provisions of State law which normally have the effect of tolling statutes of limitation, such as minority, *see Simon v. United States,* 244 F.2d 703 (5th Cir. 1957), or the pendency of a workman's compensation claim, *see Mendiola v. United States,* 401 F.2d 695 (5th Cir. 1968), are not given that effect when the claim is under the Federal Tort Claims Act. *See also Childers v. United States,* 442 F.2d 1299, 1303 (5th Cir.), *cert. denied,* 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971). This Court does not have power to extend by implication or otherwise the statutory period for filing of the administrative claim. *Cf. Claremont Aircraft, Inc. v. United States,* 420 F.2d 896, 898 (9th Cir. 1970).

IT IS ORDERED:

That the motion of the defendant for an Order dismissing the action for want of jurisdiction be, and is hereby, granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

purposes of the statute of limitations. In the process of reaching this result, the court correctly noted the practical difficulties which a claimant has in knowing whether or not the tortfeasor was acting within the scope of his employment with the Federal government. *Id.* at 916. The court did not conclude, however, as the plaintiff asserts, that the cause of action "accrued" at a later date, due to this practical problem.

In the present case the State proceedings were not only filed in the wrong forum—the sole mistake in *Whistler*—but were commenced at a time when suit was premature in *any* court, given the 1966 amendments. The voluntary dismissal of the State proceedings destroyed any possibility that the time of filing of the present Federal action could be governed

by the doctrine of relation back. In any event, it is not the date of the filing of the Federal *court* action which is dispositive here, but rather the failure to file an *administrative* claim within the deadline. There is no analogous provision for "removal" of a State court proceeding to an administrative agency under § 2675(a). Thus, even had the State proceeding not been voluntarily dismissed, the filing of the administrative claim before the Federal agency would have to stand on its own footing, and could not be given any prior date under the doctrine of relation back.

3. In using the word "tolling" in the headnote to the *Henderson* decision, the reporter has misconstrued the court's opinion.