James N. McGOWAN, Plaintiff,

v.

David C. WILLIAMS, Gordon E. Herbert, Steve Finney, Yellow Cab Company, a Foreign Corporation, Junis Echols, and Chicago Transit Authority, a Municipal Corporation, Defendants.

No. 78 C 4190.

United States District Court, N. D. Illinois, E. D.

Nov. 2, 1979.

William E. Reynolds, Michael P. Casey, Chicago, Ill., for plaintiff.

Daniel C. Murray, Asst. U. S. Atty., Jesmer & Harris, Edward J. Egan, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This is an action under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, to recover damages for injuries allegedly suffered as the result of an automobile accident. In his complaint, the plaintiff asserts that he was injured by a collision of three vehicles: a bus owned and operated by the Chicago Transit Authority, a taxi owned and operated by the Yellow Cab Company, and a car operated by David C. Williams, who at the time was employed by the Secret Service.

On January 9, 1978, the plaintiff filed an administrative claim with the Treasury Department for damages allegedly suffered in the accident. On January 26, 1978, the Treasury Department notified plaintiff that

his claim had been denied, and that pursuant to 28 U.S.C. § 2401(b), any federal suit concerning the accident had to be filed within six months. In the interim, however, the plaintiff on January 12, 1978, had filed suit in the Circuit Court of Cook County against the federal agent Williams, as well as the other parties involved in the accident.[1] On October 25, 1978, the United States Attorney's Office filed an appearance on behalf of Williams and certified that Williams had been acting within the scope of his employment at the time of the accident. Since 28 U.S.C. § 2679 vests the federal courts with exclusive jurisdiction of suits against federal agents for acts committed within the scope of their employment, this action was removed to federal court.[2]

■■■■ The case is now before this Court on a motion by defendant Williams to dismiss the complaint for lack of subject matter jurisdiction, and to remand the remaining state law claims to state court. In support of his motion to dismiss, defendant Williams argues that the Court lacks jurisdiction over plaintiff's claim by reason of the statute of limitations.[3] Under 28 U.S.C. § 2401(b), a tort claim against the United States is forever barred "unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." Inas-

much as tort claims against the government are within the exclusive jurisdiction of the federal courts, this provision can only mean that an action must be filed in *federal court* within six months of administrative denial of the claim.

■■■■ There apparently is no dispute in this case that the plaintiff's action in the state court did not satisfy the terms of this requirement. Since this action did not commence in the federal court until October 25, 1978, nearly nine months after the Treasury Department notified plaintiff that his claim had been denied, § 2401(b) would appear to require that this Court dismiss the claim as time-barred. The plaintiff, however, argues that to dismiss his claim against defendant Williams would be unjust in light of the particular circumstances of this case. The plaintiff contends that he was unaware that Williams was acting within the scope of his employment at the time of the mishap until the United States Attorney entered an appearance for Williams on October 25, 1978. In order to preserve his claim against the Chicago Transit Authority, however, plaintiff was required to file suit by January 12, 1978.[4] Plaintiff argues that it was impossible to preserve that state right by filing a suit in federal court. He asserts that if a federal court would have determined that Williams was not acting within the scope of his employment and as a result dismissed the case for lack of jurisdiction, his state claim would have been lost

---

1. On July 25, 1978, the plaintiff voluntarily dismissed his state court action. The next day, he reinstituted the suit against the same parties by filing an amended complaint which included the same allegations as did the original complaint. The purpose of this procedural gambit was to seek to bring his action into compliance with the requirements of 28 U.S.C. § 2401(b).

2. Jurisdiction over the state claims against the other defendants is obtained by virtue of pendent jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

3. The defendant also claims that the state court never had jurisdiction over the suit against him, since jurisdiction of claims against agents who act in the scope of their employment is vested exclusively in the federal courts. Since federal court jurisdiction in a removed proceeding is derivative, the defendant argues that the

federal court has no jurisdiction of the claim in this case. *Federal Savings and Loan Insurance Corporation v. Quinn,* 419 F.2d 1014, 1017 (7th Cir. 1969). While in agreement with the general principle stated, the Court rejects its application to this case. The Tort Claims Act specifically provides that removal shall occur when it is certified that a government employee who has been sued in state court for a tort was acting within the scope of his employment. 28 U.S.C. § 2679(d). Yet, the defendant's argument would render this section meaningless, since the certification process effectively robs the state court of jurisdiction over the tort claim. *See* 28 U.S.C. 2679(b). Therefore, the Court must reject this basis for dismissing the claim.

4. Ill.Rev.Stats., Ch. 111⅔, § 341 (1977).

as time-barred. *See e. g., Whistler v. United States,* 252 F.Supp. 913, 916 (N.D.Ind. 1966). Thus, the plaintiff asks that this Court adopt the reasoning of *Whistler* and find that the filing of the state court suit on July 26, 1978, satisfied the requirements of § 2401(b).

The Court must reject the reasoning of *Whistler* for several reasons. In *Whistler,* the district court liberally construed the statute of limitations in favor of a plaintiff who had filed his tort claim against a governmental employee within the applicable two-year period. The action was not removed to federal court until the two-year limitation period had passed. Nonetheless, the court ruled that the claim was not time-barred. Underlying this decision was the conclusion that it would be unfair to strictly enforce the statute of limitations against a plaintiff who at the time he filed suit did not know that the defendant had been acting in the scope of his employment. 252 F.Supp. at 916.

In a recent decision, however, the Seventh Circuit has rejected the argument that application of the statute of limitations in Tort Claims Act cases should turn upon the time at which the plaintiff learns that a defendant had been acting within the scope of his employment. *Steele v. United States,* 599 F.2d 823 (7th Cir., 1979). In *Steele,* the court held that irrespective of the plaintiff's state of knowledge, the statute of limitations begins to run at the time that injury becomes discernible.[5] Although the ·Court acknowledged that strict application of this rule might lead to hard results in certain cases, it observed that this was the inevitable result of a statute of limitations that "was intended to be somewhat mechanical and ordinarily unrelated to the merits of the litigation." *Id.* at 829. The court concluded that "the application of the statute of limitation should not be dependent on contested issues of fact. The United States should not be forced to go to trial simply to obtain the statute's protection." *Id.* at 829.[6]

The opinion in *Steele* clearly indicates that knowledge is irrelevant to the application of the time limits contained in the Tort Claims Act. Applying this reasoning to the case at hand, the Court concludes that the plaintiff's purported lack of knowledge cannot justify a liberal application of § 2401(b) in his favor. Thus, adoption of *Whistler* by this Court would be at odds with this recent Seventh Circuit pronouncement.[7]

The Court finds the reasoning in *Whistler* unconvincing for another reason. In that

5. The plaintiff had argued that the statute of limitations should have begun to run when he "discovered" that the party responsible for his injury was the federal government. Although the "discovery" test is the standard used for the statute of limitations in medical malpractice cases in this circuit, the court refused to extend the rule more generally to all cases brought under the Tort Claims Act.

6. The Court would observe that this benefit the government derives from a strict application of the statute of limitations is not unreasonable. It must be remembered that but for the passage of the Tort Claims Act, the doctrine of sovereign immunity would preclude all such suits against· the federal government. Thus, the plaintiff cannot be heard to complain when the government conditions the right to bring tort claims against it on the rigid adherence to the statute of limitations.

7. Even if this Court were to consider the state of plaintiff's knowledge relevant in this case, it would be hard-pressed to accept plaintiff's representation that he was unaware of defendant Williams' status until October 25, 1978. Since this motion questions the subject matter jurisdiction of the Court, it is appropriate to consider materials outside of the pleadings. Wright & Miller, Federal Practice and Procedure: Civil § 1350 at 550 (1969 ed.). Defendant has submitted to the Court a letter dated April 4, 1977, in which the plaintiff was notified that Williams was within the scope of his employment at the time of the accident. Moreover, the fact that the plaintiff filed an administrative claim with the Treasury Department further suggests plaintiff's awareness of defendant Williams' status long before October 25, 1978. Finally, the January 26 letter notifying the plaintiff of the administrative denial of his claim stated *that his only further recourse* was to file a *federal* action within six .months. As indicated above, *Whistler* assumed that the plaintiff had no knowledge of defendant's status until the applicable statute of limitations had run. In light of the circumstances of this case, the Court could not reach the same conclusion with respect to the plaintiff herein.

opinion the court assumed, as does the plaintiff in this case, that the plaintiff could not have protected his state claim by joining it in the first instance with a federal claim:

> If a suit is filed in federal court and it later is determined that the employee was not acting within the scope of his employment, the suit may be dismissed for lack of jurisdiction. The plaintiff may then be without a remedy if the statute [of limitations] has run in the state court.

252 F.Supp. at 916.

■ This statement, however, was made without the benefit of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and the succeeding cases that expanded the permissible scope of pendent jurisdiction. Under the principles set forth in *Gibbs*, courts generally will dismiss pendent state claims when the primary federal claims are dismissed prior to trial. Such action, however, is within the discretion of district courts; there remains the power to retain jurisdiction over pendent state claims when such a course would best promote fairness to the individual parties. *Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218; Hart & Wechsler's, The Federal Courts and the Federal System, at 925 (2d ed. 1973).

■ A number of district courts have indicated that this discretionary power to retain pendent state claims should be exercised when it appears that the claims would be time-barred under the applicable state law. *O'Brien v. Continental Illinois Nat. Bank & Trust*, 443 F.Supp. 1131, 1137–38 (N.D.Ill.1977); *McLaughlin v. Campbell*, 410 F.Supp. 1321, 1328 (D.Mass.1976). Basic notions of fairness would require that a plaintiff who in good faith happened erroneously to choose the federal forum for his claim should not be punished for having invoked pendent jurisdiction. Indeed, a contrary result would be antagonistic to the basic purpose of *Gibbs* and its progeny. This Court has no doubt that the federal courts would use the discretion available to them under *Gibbs* to prevent the type of unfairness envisioned by the court in *Whistler*.

■ Therefore, the Court finds that plaintiff's failure to file a federal court suit against the government within six months of notification that his administrative claim had been denied violated the express terms of 28 U.S.C. § 2401(b). Accordingly, the Court will grant the motion to dismiss the action against defendant Williams as time-barred. Since the claims against the other defendants all rely on state law, the case will be remanded to the Circuit Court of Cook County for further proceedings. It is so ordered.