John Anthony LUCIDO, Plaintiff,

v.

CRAVATH, SWAINE & MOORE, Defendant.

No. 75 Civ. 6341.

United States District Court, S. D. New York.

Jan. 12, 1977.

---

5. His complaint is styled "Writ of Replevin".

6. See also, *Jarvis Piphus and Geneva Piphus v. John D. Carey*, 545 F.2d 30 (7th Cir. 1976).

Karpatkin, Pollet & LeMoult, New York City, for plaintiff; Michael N. Pollet, Alfred Siegel, New York City, of counsel.

Alan M. Dershowitz, Cambridge, Mass., for plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant; Simon Rifkind, Morris B. Abram, Doris Carroll, New York City, of counsel.

Equal Employment Opportunity Commission, Washington, D. C., amicus curiae; Marian Halley, Washington, D. C., of counsel.

The Catholic League for Religious and Civil Rights, New York City, amicus curiae; David R. Francescani, New York City, of counsel.

GAGLIARDI, District Judge.

The plaintiff, John Anthony Lucido, is a lawyer who was employed by the defendant law firm, Cravath, Swaine & Moore ("Cravath"), as an associate attorney. Plaintiff alleges that he was unlawfully discriminated against as an employee of the defendant and that his employment was unlawfully terminated because of his national origin or religion or both. His complaint asserts two causes of action. Count I charges the defendant with violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII" and "the Act"). Count II charges the defendant with breach of an employment contract with the plaintiff. Jurisdiction is asserted under 28 U.S.C. §§ 1343(4) and 1332.

Cravath moves, pursuant to Rules 12(b)(1) and 12(b)(6) Fed.R.Civ.P., to dismiss Count I of the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Defendant also moves, pursuant to Rule 12(b)(1) Fed.R.Civ.P., to dismiss Count II of the complaint for lack of subject matter jurisdiction.[1] For the reasons stated herein, the court denies defendant's motion to dismiss.

■ Plaintiff is a New Jersey resident of Italian ancestry and a Catholic. He was employed in the litigation department of the defendant from July 19, 1965 until March 13, 1973. Defendant is a law firm organized as a partnership under New York law, N. Y. Partnership Law §§ 1 et seq. (McKinney's 1948), with its principal place of business in New York City.[2]

Lucido commenced suit in this court on December 19, 1975. Prior to bringing this suit, he filed complaints with the New York City Commission on Human Rights and the Federal Equal Employment Opportunity Commission ("EEOC") on June 14, 1973. On September 22, 1975, pursuant to plaintiff's request, the EEOC issued a right-to-sue letter, and this suit was timely commenced thereafter. Plaintiff therefore has complied with the exhaustion requirements of Title VII, 42 U.S.C. § 2000e–5.

In considering defendant's motions to dismiss, this court must accept the well-pleaded material allegations of the complaint as true. The court, of course, is not passing upon the merits of whether plaintiff was treated fairly in his employment, nor is it considering the matter of discovery or the nature of the remedy should plaintiff prevail in his suit on the merits.

Count I of the complaint, the cause of action brought under the Civil Rights Act, should not be dismissed for failure to state a claim unless it appears to a certainty that the plaintiff would not be entitled to recov-

---

1. In deciding defendant's motions to dismiss, the court elects not to consider the affidavit of the plaintiff in opposition to the motions. *See* Rule 12(b) Fed.R.Civ.P.

2. The court does not find diversity jurisdiction in this case. A number of Cravath partners are citizens of New Jersey, as is the plaintiff, which defeats diversity jurisdiction since the citizen-

ship of the partnership for diversity purposes is that of each partner. *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 456, 20 S.Ct. 690, 44 L.Ed. 842 (1900); *Woodward v. D. H. Overmyer Co., Inc.,* 428 F.2d 880, 883 (2d Cir. 1970), *cert. denied,* 400 U.S. 993, 91 S.Ct. 460, 27 L.Ed.2d 441 (1971); *Molasky v. Garfinkle,* 380 F.Supp. 549, 553 (S.D.N.Y.1974).

er under any state of facts which could be proved in support of his claim. *Holmes v. New York City Housing Authority*, 398 F.2d 262, 265 (2d Cir. 1968); *see Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 2A Moore's Federal Practice ¶ 12.08 at 2271–74 (2d ed. 1975).

■ The purpose of Title VII of the Civil Rights Act is to eliminate discrimination in employment based on race, color, religion, sex, or national origin. House Judiciary Comm. Report, No. 914, 88th Cong., 1st Sess. 26 (1963), as amended. The courts have accorded a liberal interpretation to Title VII in order to effectuate this Congressional purpose. *See Franks v. Bowman Transportation Co., Inc.*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *Griggs v. Duke Power Co.*, 401 U.S. 424, 429–30, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971); *Rogers v. Equal Employment Opportunity Commission*, 454 F.2d 234, 238 (5th Cir. 1971), *cert. denied*, 406 U.S. 957, 92 S.Ct. 2058, 32 L.Ed.2d 343 (1972). Congress clearly included in the objectives of Title VII the elimination of job discrimination in professional fields including law and medicine.[3] *Equal Employment Opportunity Commission v. Rinella & Rinella*, 401 F.Supp. 175, 179–80 (N.D.Ill.1975); *Kohn v. Royall, Koegel & Wells*, 59 F.R.D. 515 (S.D.N.Y.1973), *appeal dismissed*, 496 F.2d 1094 (2d Cir. 1974).

■ The key provision of Title VII for the consideration of Cravath's motion to dismiss is Section 703(a) of the Act, which provides that:

It shall be an unlawful employment practice for an employer—

(a) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a)

This language indicates a Congressional intent to define discrimination in the broadest possible terms and to include the entire scope of the working environment within the Act's protective ambit. *Rogers v. EEOC, supra* at 238; *see Weise v. Syracuse University*, 552 F.2d 397, 409–410 (2d Cir. 1975); *Sibley Memorial Hospital v. Wilson*, 160 U.S.App.D.C. 14, 488 F.2d 1338, 1341 (1973); *Puntolillo v. New Hampshire Racing Commission*, 375 F.Supp. 1089, 1091–92 (D.N.H.1974).

■ Under the definitional provisions of Title VIII, Cravath concededly qualifies as an "employer" within the meaning of the Act. An employer under Section 701(b) of the Act means "a person engaged in an

---

**3.** This Congressional objective is borne out in the legislative history to the 1972 amendments to Title VII. An amendment was proposed in the Senate designed to exclude physicians and surgeons employed by public or private hospitals from Title VII. In speaking out against the amendment which was ultimately defeated, Senator Javits said:

One of the things that those discriminated against have resented the most is that they are relegated to the position of the sawers of wood and the drawers of water, that only the blue collar jobs and ditchdigging jobs are reserved for them; and that though they built America, and certainly helped build it enormously in the days of its basic construction, they cannot ascend the higher rungs in professional and other life.

\* \* \* \* \* \*

Yet this amendment would go back beyond decades of struggle and of injustice and reinstate the possibility of discrimination on grounds of ethnic origin, color, sex, religion—just confined to physicians or surgeons, one of the highest rungs of the ladder that any member of a minority could attain—and thus lock in and fortify the idea that being a doctor or surgeon is just too good for members of a minority, and that they have to be subject to discrimination in respect of it, and the Federal law will not protect them. 118 Cong.Rec. 3802 (1972).

Quoted in *EEOC v. Rinella & Rinella*, 401 F.Supp. 175, 180 (N.D.Ill.1975).

industry affecting commerce who has fifteen or more employees . . ."[4] 42 U.S.C. § 2000e(b). Under Section 701(a) of the Act, "[t]he term 'person' includes . . partnerships . . ." 42 U.S.C. § 2000e(a). Cravath as a partnership with over 400 legal and non-legal employees which does business with both nationwide and international clients qualifies as an "employer" under Title VII.

■ Plaintiff qualifies as an "employee" within the meaning of the Act. Under Section 701(f) of the Act, "[t]he term 'employee' means an individual employed by an employer . . ."[5] 42 U.S.C. § 2000e(f). Plaintiff as an associate attorney at Cravath could not be considered anything but an employee of the firm. *See EEOC v. Rinella & Rinella, supra* at 179–181. All of the discriminatory acts that Lucido has alleged in his complaint occurred between 1965 and 1973 while he was an associate attorney employed by Cravath.

Thus the essential question in the court's consideration of defendant's motion to dismiss is whether the plaintiff has properly alleged that his employer, Cravath, unlawfully discriminated against him with respect to his "terms, conditions, or privileges of employment" or limited, segregated or classified him in a way that "deprive[d] or tend[ed] to deprive [him] of employment opportunities" because he was an Italian and/or Catholic.

■ Lucido in his complaint alleges that as an employee of Cravath he was discriminated against with respect to work assignments, training, rotation and outside work opportunities. These claims constitute allegations of discrimination with respect to "terms, conditions, or privileges of employment" and "employment opportunities" under Title VII. While these allegations are general and indefinite, mere vagueness or lack of detail is not grounds for dismissal of the complaint. *Ybarra v. City of San Jose,* 503 F.2d 1041, 1044 (9th Cir. 1974); 2A Moore's Federal Practic ¶ 12.08 at 2274–85 (2d ed. 1975). Therefore, this aspect of the complaint withstands the motion to dismiss under Rule 12(b)(6).

Another element of unlawful discrimination alleged in plaintiff's complaint is that the defendant failed to promote him to partner because of his national origin or religion or both. In this court's view, under the facts set forth in the complaint, the opportunity to become a partner at Cravath was a "term, condition or privilege of employment" and an "employment opportunit[y]" within the meaning of the Act. Lucido has alleged he was deprived, from the beginning of his employment as an associate attorney at Cravath, of the opportunity to become a partner by reason of discrimination during that period of time. As a result, this element of the complaint also states a claim upon which relief can be

---

4. The provision continues by enumerating specific exceptions from the "employer" category under the Act:

   . . . such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of Title 5), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26, except that during the first year after March 24, 1972, persons having fewer than twenty-five employees (and their agents) shall not be considered employers. 42 U.S.C. § 2000e(b).

   Cravath is not exempted under any of these specific exceptions.

5. The provision continues by enumerating specific exceptions from the "employee" category under the Act:

   . . . except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be such officer's personal staff, or an appointee on the policy making level or an immediate advisor with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision. 42 U.S.C. § 2000e(f).

   Lucido is not exempted under any of these specific exceptions.

granted and must survive the motion to dismiss.

Lucido, in his complaint, alleges that the defendant, which is comprised of 48 partners and employs 130 associate attorneys, employs those associates with the understanding that after a reasonable period of time they will be afforded the opportunity of being promoted to partnership if they perform their duties as associate attorneys satisfactorily, and if not promoted they will be required to seek employment elsewhere. Lucido claims that he was told of this "up or out" policy of Cravath at his employment interview, and, relying on the unimpeded opportunity for promotion to partnership, he accepted the position of employment offered by Cravath. At his interview, Lucido alleges, he was given other representations and assurances upon which he also relied, including: (1) the defendant only employed associate attorneys immediately upon graduation from law school or some short time thereafter; (2) defendant filled the partnership position exclusively by promoting associate attorneys from within defendant law firm; (3) promotion to partnership would depend on an associate attorney's own efforts and ability without regard to business contracts and social background; and (4) defendant would not employ relatives of partners or clients on the legal staff.

According to the complaint, Lucido went to work for Cravath with the intent to become a partner and continued to work for over seven years for the defendant in reliance upon the firm's stated policy to fairly consider him for that position. Lucido further alleges that he worked for the law firm as an associate attorney on the assumption that promotion to partnership would depend on his own efforts and ability, that only associate attorneys at Cravath could be considered for partner and that if he was not made partner he would be discharged. This Cravath policy, as set forth in plaintiff's complaint, makes the opportunity to be promoted to partner "a term, condition, or privilege of employment" under Section 703(a)(1) of Title VII and an

"employment opportunit[y]" within the meaning of Section 703(a)(2) of Title VII.

Defendant contends that Title VII does not extend to the relationship of partners among themselves, and therefore cannot apply to the process whereby members of a law partnership invite an attorney to become their partner. Because of the issues raised in this case, the court need not decide whether Title VII applies to partners *inter se*. However, even assuming that Title VII does not apply to such a relationship, the protection the Act affords to Lucido for the unlawful discrimination he allegedly suffered as an employee in not being selected for partner solely because he is an Italian Catholic would not be affected. The applicability of Title VII might be different if the defendant were firing a partner or considering a non-associate for partner, but, under the facts in the complaint, there is a clear employer-employee relationship between Cravath and Lucido and discrimination in a promotional opportunity during that relationship is covered by Title VII.

The opportunity to be promoted to a position not itself covered by Title VII does not mean that discrimination in that promotion cannot be protected by Title VII. In fact, the opportunity to be considered for a job not covered by Title VII can itself be "a term, condition or privilege of employment" and/or an "employment opportunit[y]." In a parallel situation under the National Labor Relations Act, an employee, if promoted to a supervisory position, would no longer be protected by that Act. The Second Circuit Court of Appeals, in upholding the applicability of National Labor Relations Act, stated:

> [E]ven if we assume, *arguendo*, that an applicant for a supervisory position who was not already an employee of this particular employer would not have been a protected employee under the Act, it does not follow that Finch was similarly not protected. At the time the discrimination took·place he was clearly a protected employee, and his prospects for promotion were among the conditions of his employment. The Act protected him so

long as he held a nonsupervisory position, and it is immaterial that the protection thereby afforded was calculated to enable him to obtain a position in which he would no longer be protected. *National Labor Relations Board v. Bell Aircraft Corp.*, 206 F.2d 235, 237 (2d Cir. 1953); *accord, Golden State Bottling Co., Inc. v. National Labor Relations Board*, 414 U.S. 168, 188, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973). The scope of the protections of Section 703(a)(1) and (2) of Title VII afforded the plaintiff as an employee cannot be limited on the facts of this case. *See Pettway v. American Cast Iron Pipe Co.*, 332 F.Supp. 811, 815 (N.D.Ala.1970), *rev'd on other grounds*, 494 F.2d 211 (5th Cir. 1974); *cf. Sibley Memorial Hospital v. Wilson, supra* at 1341; *Puntolillo v. New Hampshire Racing Comm., supra* at 1091–92.

█ The court's decision to apply Title VII in this case does not infringe upon any First Amendment right of privacy or freedom of association of the members of defendant law firm. Firstly, the court does not recognize any First Amendment privacy or associational rights for a commercial, profit-making business organization of the nature of the Cravath partnership. Cases recognizing such First Amendment rights refer to fraternal or social organizations not business organizations. *Compare Griswold v. Connecticut*, 381 U.S. 479, 483–86, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); *NAACP v. Alabama*, 357 U.S. 449, 462–63, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958), *with Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 2596–97, 49 L.Ed.2d 415 (1976) *and Bellis v. United States*, 417 U.S. 85, 92–95, 100–01, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974).

Furthermore, even if the Cravath partnership did enjoy First Amendment protections, the application of Title VII to the process whereby Cravath promotes its employees to partner would not infringe the partnership's First Amendment rights. *See Runyon v. McCrary, supra*, 96 S.Ct. at 2596–97; *Norwood v. Harrison*, 413 U.S. 455, 470,

93 S.Ct. 2804, 37 L.Ed.2d 723 (1973). Application of Title VII to this case does not prevent the partners from associating for political, social and economic goals. *United States v. International Longshoremen's Assn.*, 460 F.2d 497, 501 (4th Cir.), *cert. denied*, 409 U.S. 1007, 93 S.Ct. 439, 34 L.Ed.2d 300 (1972); *see Runyon v. McCrary, supra*, 96 S.Ct. at 2596–97. The discretionary, subjective judgment that necessarily goes into the Cravath partnership promotion process as described in the complaint and the application to that process of N.Y. Partnership Law § 40(7), allowing the unanimous consent of the partners for selection of a new partner, are not limited by the application of Title VII except to preclude factors of race, color, religion, sex, or national origin from being considered in this promotion process.[6] *See Kohn v. Royall, Koegel & Wells, supra* at 521.

As a result, the court denies defendant's Rule 12(b)(6) motion to dismiss Count I of the complaint for failure to state a claim upon which relief can be granted. Defendant's Rule 12(b)(1) motion to dismiss Count I must similarly be denied. A cause of action having been founded under Title VII, jurisdiction is properly based on 28 U.S.C. § 1343(4).

Count II of the complaint alleging breach of an employment contract must also survive a Rule 12(b)(1) motion to dismiss, the doctrine of pendent jurisdiction being invoked because of the federal law claim alleged in Count I. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Hurn v. Oursler*, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

So Ordered.

---

**6.** If the N.Y. Partnership Law § 40(7) is inconsistent with the application of Title VII in this case, Title VII, which expressly preempts state law contrary to it, controls. 42 U.S.C. § 2000e–7; U.S.Const. art. 6, § 2.