Stephen J. Springer, LaBrum and Doak, Philadelphia, Pa., for plaintiffs.

Helen P. Pudlin, Philadelphia, Pa., for defendant.

**Alfred FERRERI**

v.

**FIRST OPTIONS OF CHICAGO, INC.**

**Civ. A. No. 85–2098.**

United States District Court,
E.D. Pennsylvania.

June 19, 1987.

## MEMORANDUM AND OPINION

KATZ, District Judge.

This case raises the issue of whether arbitration of a fraud claim by a customer against its stock broker, which fixes the amount of damages, precludes the customers bringing the identical claim in this Court under the Securities Exchange Act of 1934.[1] A jury found that the fraud claim was arbitrable, after I held arbitrability required a factual determination. *See Ferreri v. First Options of Chicago, Inc.*, 623 F.Supp. 427 (E.D.Pa.1985). Following the arbitrators' fixing damages in his favor, plaintiff amended his complaint to assert the federal securities claim,[2] and a state securities claim. However, since privity between the buyer and seller is required for actions under the Pennsylvania Securities Act, *Sharp v. Coopers & Lybrand*, 649 F.2d 175, 191–92 (3d Cir.), *cert. denied*, 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982); *Biggans v. Bache Halsey Stuart Shields, Inc.*, 638 F.2d 605, 609

---

1. The dispute in this case is set forth in my prior opinion, *Ferreri v. First Options of Chicago, Inc.*, 623 F.Supp. 427 (E.D.Pa.1985), and will not be repeated here.

2. The Supreme Court has recently held the claims under 10(b) of the Securities Exchange Act and Rule 10b–5 promulgated thereunder are arbitrable, *Shearson/American Express, Inc. v. McMahon*, — U.S. —, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), *reversing* 788 F.2d 94 (2d Cir.1986).

(3d Cir.1980), the state securities act claim is wholly without merit.[3]

It is clear that a court must compel arbitration of state law claims as required by a contract, even if the lawsuit also contains claims under the federal securities laws. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). It is also now clear that federal securities claims are generally arbitrable. *Shearson/American Express, Inc. v. McMahon,* —— U.S. ——, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), *reversing* 788 F.2d 94 (2d Cir.1986). It is clear as well that an arbitration award does not preclude a subsequent § 1983 action because of the need to protect that statute's efficacy in protecting civil rights. *McDonald v. West Branch*, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984). What I determine in this case is that a separate lawsuit is not necessary to protect federal rights where the arbitration has adequately fixed the amount of plaintiff's loss:

First, the arbitrators have expertise in this specialized field. The panel of three was appointed by the New York Stock Exchange. The panel's chairman was from the securities industry, and one of the two lay panel members was a lawyer. The other arbitrator was a businessman.

Second, the arbitrators resolved the very issue recently introduced in this lawsuit—how much economic loss was caused by the broker's fraud. At the hearing, Mr. Ferreri presented the arbitrators with detailed evidence of the loss he allegedly sustained, including a list of the securities he lost when the accounts were liquidated, and five alternative damage figures based on different values of Mr. Ferreri's securities at various dates. (Tr. 106–08; Tr. Ex. C–5, C–6, C–28, C–30, C–31 and C–32). In closing, plaintiff's counsel argued for compensatory damages, for rescisionary recovery, and for profits from the disposition of the CVN position. (Tr. 319–324).

Third, the plaintiff was represented by his own lawyer in this arbitration case; he apparently changed lawyers to pursue this litigation. The claim was pursued vigorously in arbitration. Mr. Ferreri's attorney made opening and closing statements, presented testimonial and documentary evidence, and cross-examined witnesses presented by First Options.

Fourth, the record of the arbitration proceedings is complete. The rules and procedures common to trials were substantially observed at the arbitration. The hearing was fair.

In short, the arbitration in this case did provide a fair, complete and adequate substitute for a judicial trial. A jury trial determined that arbitration was the appropriate forum for the dispute. Plaintiff's loss was fixed at the arbitration. The measure of damages for the federal securities act claim and the arbitrated claim is the same.[4] Both sides ask me to confirm the arbitration award. No interest requires prolonging this lawsuit for still another

---

**3.** The sole source of civil liability for violations of the Pennsylvania Securities Act is section 1–501 of the Act. *Biggans v. Bache Halsey Stuart Shields, Inc.,* 638 F.2d 605, 609 (3d Cir. 1980). *See also Sharp v. Coopers & Lybrand,* 649 F.2d 175, 191–92 (3d Cir.1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982); *Penturelli v. Spector, Cohen, Gadon & Rosen,* 640 F.Supp. 868, 871 (E.D.Pa.1986) Section 1–501 only gives the sellers or buyers of securities the right to sue the person purchasing or selling the security. *Biggans, supra* at 610. Here, plaintiff is suing First Options, who neither sold securities to nor bought securities from plaintiff. First Options merely carried the accounts of Mr. Ferreri's partnership with Mr. Maindardi.

**4.** Regarding rescissionary damages, *compare, Gilmore v. Northeast Dodge Co.,* 278 Pa.Super

209, 216, 420 A.2d 504, 507 (1980) (Pennsylvania common law) and *Tilghman v. Dollenberg,* 418 Pa. 604, 160, 213 A.2d 324, 326 (1965) (Pennsylvania common law) *with Pittsburgh Terminal Corp. v. Baltimore & Ohio R. Co.,* 586 F.Supp. 1297, 1303 (W.D.Pa.), *aff'd sub nom. Guttman v. Baltimore & Ohio R. Co.,* 760 F.2d 257 (3d Cir. 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 247, 88 L.Ed.2d 256 (1985) (federal securities laws); *Randall v. Loftsgaarden,* —— U.S. ——, 106 S.Ct. 3143, 92 L.Ed.2d 525 (1986). Regarding compensatory damages, *compare Delahanty v. First Pennsylvania Bank, N.A.,* 318 Pa.Super. 90, 117, 464 A.2d 1243, 1257 (1983), *with Huddleston v. Herman & MacLean,* 640 F.2d 534, 554 (5th Cir.1981) *aff'd in part, rev'd in part on other grounds,* 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983); 15 U.S.C. § 78bb(a) (damages are "actual damages").

determination of the issues already resolved by the arbitrators.[5] I will enter judgment in accordance with the arbitration award and dismiss the amended complaint.[6]

## JUDGMENT

AND NOW, this 19th day of June, 1987, after a hearing on the motions in this case, it is hereby ORDERED, pursuant to the reasoning in my opinion, as follows:

(1) This case is removed from civil suspense.

(2) Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's Amended Complaint is DISMISSED.

(3) Defendant's Motion for a Stay of Discovery Pending Resolution of the Summary Judgment Motion is DENIED as MOOT.

(4) Final judgment is entered in favor of plaintiff and against defendant in the amount of $47,000, in accordance with the arbitration award, with prejudgment interest at the federal rate from the date of the award.

---

5. Even if the arbitration award were not preclusive, Plaintiff's claims under section 10(b) of the Exchange Act and Rule 10b–5 thereunder would be without merit. Only a purchaser or seller of a security can state a claim under this statute. Since plaintiff was not a purchaser or seller of the stock options Mainardi traded for the partnership, he does not have standing to complain that he was defrauded in connection with the purchase or sale of those securities. Nor can plaintiff's transfer of securities to the Idranium account be a predicate for a securities fraud claim under 10b–5: plaintiff's claim fails to meet the 10b–5 requirement of "some causal connection between the alleged misrepresentation and the harm incurred when a security is purchased or sold." *Angelastro v. Prudential-*

*Bache Sec., Inc.,* 764 F.2d 939, 944 (3d Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 267, 88 L.Ed.2d 274 (1985). *Cf. Rubin v. United States,* 449 U.S. 424, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981) (alleged misrepresentation affecting value of securities pledged meets "in connection with" requirement).

6. Since I h⁻ resolved the preclusive effect of the arbitration award, I will remove this case from civil suspense, and will grant defendants' motion for summary judgment. Defendant's motion for a stay of discovery pending resolution of the summary judgment motion will be denied as moot.