Alfred **FERRERI**

v.

**FOX, ROTHSCHILD, O'BRIEN & FRANKEL and Price Waterhouse.**

**Civ. A. No. 88–3953.**

United States District Court, E.D. Pennsylvania.

July 7, 1988.

Alfred Ferreri, Philadelphia, Pa., pro se.

Jeffrey B. Albert, Stephanie Resnick, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for defendant Fox, Rothschild, O'Brien & Frankel.

Patricia L. Freeland, Margaret A. Suender, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant Price Waterhouse.

## MEMORANDUM AND ORDER

KATZ, District Judge.

Before the court are the motions to dismiss of defendants Fox, Rothschild, O'Brien & Frankel ("Fox, Rothschild") and Price Waterhouse. Both defendants seek dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. In addition, Fox, Rothschild asks that the court hold an evidentiary hearing and thereafter impose sanctions on plaintiff Alfred Ferreri, pursuant to Rule 11 of the Federal Rules of Civil Procedure. For the reasons below, plaintiff's complaint will be dismissed and no hearing will be held and no sanctions imposed on plaintiff Ferreri, who has filed this suit pro se.

## BACKGROUND

The complaint at issue here is only the latest salvo in Mr. Ferreri's crusade against those individuals and entities which he believes to be responsible for serious financial losses he suffered while trading stock options on the Philadelphia Stock Exchange in July and August of 1983.[1] In an effort to recoup some of these losses, in February 1984, Mr. Ferreri retained Abraham C. Reich, and Mr. Reich's law firm, defendant Fox, Rothschild, as his attorneys. (Plaintiff's Complaint ¶ 8). In April of that year Mr. Reich and defendant Fox, Rothschild filed suit on Mr. Ferreri's behalf in the Philadelphia Court of Common Pleas.

Named as defendant in that suit was First Options of Chicago ("First Options"), the clearing house through which Mr. Ferreri had cleared his options transactions. (Plaintiff's Complaint ¶¶ 7, 8, 19). That suit was removed to this court by First Options pursuant to 28 U.S.C. § 1441, (Plaintiff's Complaint ¶ 20) and a jury trial was held in order to determine whether plaintiff was required to arbitrate the dispute under the agreement in effect between the parties. *See Ferreri v. First Options of Chicago, Inc.*, 661 F.Supp. 1186 (E.D.Pa.1987). A jury found plaintiff's claim to be arbitrable, and Mr. Ferreri then filed for arbitration under the authority of the New York Stock Exchange. (Plaintiff's Complaint ¶¶ 20–22). It is this arbitration proceeding that forms the gravamen of plaintiff's complaint in this case.

Mr. Ferreri was represented at the arbitration proceeding by Mr. Reich and defendant Fox, Rothschild, and defendant Price Waterhouse was employed by Mr. Ferreri to provide expert accounting testimony at the arbitration. (Plaintiff's Complaint ¶¶ 10, 24, 30, 31). Despite the fact that arbitration of plaintiff's claim against First Options resulted in a monetary award in his favor, *see Ferreri*, 661 F.Supp. at 1186, Mr. Ferreri remains dissatisfied with the result and now raises various claims against defendants Fox, Rothschild and Price Waterhouse.

## DISCUSSION

Because Mr. Ferreri is proceeding pro se his complaint is to be held to a less stringent standard than would a formal pleading drafted by an attorney. Likewise, the allegations contained in plaintiff's complaint are to be liberally construed. *Becker v. Commission of Internal Revenue*, 751 F.2d 146, 149 (3d Cir.1984) (citing *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); *see also Carr v. Sharp*, 454 F.2d 271, 272 (3d Cir.1971). Regardless of the identity of the plaintiff, however, on a motion to dismiss, all material allegations of the complaint must be treated as true and construed in the light

---

1. A detailed discussion of the background of this dispute is set forth in my opinion in *Ferreri v. First Options of Chicago, Inc.*, 623 F.Supp. 427 (E.D.Pa.1985).

most favorable to the party opposing the motion. The complaint may be dismissed only if it appears that the plaintiff cannot establish any set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Helstoski v. Goldstein,* 552 F.2d 564, 565 (3d Cir.1977); *Truhe v. Rupell,* 641 F.Supp. 57, 58 (M.D.Pa.1985). Despite a liberal construction of plaintiff's complaint and taking as true all of Mr. Ferreri's allegations, plaintiff cannot prove any set of facts which would entitle him to any legal relief in this court.

Assuming for the purposes of this motion that the allegations made by Mr. Ferreri in his complaint are indeed accurate, during the arbitration proceedings initiated by Mr. Ferreri to recover his lost savings, Fox, Rothschild, (as represented by one of the firm's partners, Abraham C. Reich), intentionally failed to assert various federal securities laws violations against First Options, as well as failed to pursue other securities law claims in a separate forum against First Options, Andrew Mainardi, III (plaintiff's trading partner in the ill-fated options transactions) and the Philadelphia Stock Exchange. (Plaintiff's Complaint ¶¶ 30, 31). In addition, defendant Fox, Rothschild manifested a conflict of interest, exemplified by their "passive conduct and [the] preferential loyalty extended to large corporate entities by major law firms." (Plaintiff's Complaint ¶ 33). Plaintiff points specifically to Fox, Rothschild's: (1) unwillingness to file suit against the Philadelphia Stock Exchange on plaintiff's behalf; (2) instructions from Fox, Rothschild to Mr. Paul DaLomba, a certified public accountant employed by defendant Price Waterhouse, and plaintiff's expert witness

at the arbitration proceeding, which limited the scope of Mr. DaLomba's testimony; (3) failure to request "Mr. DaLomba to present pertinent evidence at hand"; (4) failure to properly question witnesses; and to Fox, Rothschild's (5) "failure to seek expert advice at early stage of litigation for proper orientation of cause of action." (Plaintiff's Complaint ¶ 33).

In addition, Mr. Ferreri is dissatisfied with the performance of defendant Price Waterhouse, which provided plaintiff with expert accounting testimony at the arbitration hearing. Mr. Ferreri asserts that Price Waterhouse likewise exhibited an unacceptable "conflict of interest" by (1) Mr. DaLomba's association "with a multiplicity of corporate entities engaged in the securities industry"; (2) Mr. DaLomba's acquaintance with the President of the Philadelphia Stock Exchange; and (3) Price Waterhouse's provision of "accounting, auditing and ancillary services to the Philadelphia Stock Exchange." (Plaintiff's Complaint ¶ 35). Likewise, Mr. Ferreri asserts that Price Waterhouse's expert testimony "was a complete failure and detrimental" to his case by (1) "failing to make the relative mathematical representation"; (2) "introducing ambiguous statements"; (3) "refusing to clearly distinguish the subject matters in question"; (4) "addressing irrelevant questions in favor of [First Options]"; (5) "fraudulently concealing documentary evidence provided by defendant prior to arbitration"; and (6) "making concluding statements which completely refuted whatever scant support was shown in his [Mr. DaLomba's] presentation." (Plaintiff's Complaint ¶ 36). According to plaintiff's complaint these facts amount to a violation of the federal securities laws, specifically sections 6, 7, 8, 10, 15 and 20 of the Securities Exchange Act of 1934. (Plaintiff's Complaint ¶ 1).[2] Likewise, plaintiff's

---

**2.** Plaintiff's complaint specifically refers to violations of "the Securities Exchange Act of 1933, also Title 15 U.S.C. Secs. 78a–78jj as amended under the SEA of 1934; Code of Fed.Reg. §§ 240 and SEC Rules 6a, 6b–1, 6b–5, 6b–6, 6c–3(A)(B)(C), 7a, 8c–1, 10b–5, 10b–16, 15c3–1, 20a, 20c promulgated thereunder." (Plaintiff's Complaint ¶ 1) As there are no SEC Rules 6b–1, 6b–5, 6b–6, 6c–3(A)(B)(C), 7A, 20a or 20c but

rather only sections of the Exchange Act of 1934 with these numbers, I have treated plaintiff's complaint as asserting claims under those sections. Likewise, as plaintiff's claims do not relate at all to the 1933 Act but instead appear to be derived from the Exchange Act of 1934, I have treated them as such. Regardless, plaintiff has failed to state a claim under any of the

complaint asserts that Price Waterhouse's and Fox, Rothschild's conduct amounts to professional malpractice and negligence due to defendants' conflicts of interest, their breach of their fiduciary and ethical obligations to Mr. Ferreri; and their needless exposure of plaintiff to unnecessary delay, risk, and expense. (Plaintiff's Complaint ¶ 39).

■ Defendants contend that Mr. Ferreri has failed to state a claim under the federal securities laws. As Mr. Ferreri agrees that he has no such claim, (Plaintiff's Answer to Motion to Dismiss [of Price Waterhouse] ¶ 1), and as my review of the securities laws reveals the absence of any conceivable claim under these statutes by Mr. Ferreri [3], plaintiff's complaint must be dismissed unless there is some other basis for the exercise of federal jurisdiction in this case. As there are no viable federal claims contained on the face of plaintiff's complaint, the only possible remaining basis for plaintiff's suit against these two private entities is the exercise of diversity jurisdiction by this court over

plaintiff's claims of professional malpractice and negligence.

■ In his complaint Mr. Ferreri alleges that he "is an adult individual residing [in] ... Philadelphia, Pennsylvania." (Plaintiff's Complaint ¶ 2). I take this allegation of residence to be a statement of plaintiff's citizenship. In addition, both Price Waterhouse and Fox, Rothschild are partnerships. (Affidavit of James Clancy, Exhibit A to defendant Price Waterhouse's Motion to Dismiss; Affidavit of Jeffrey Albert, Exhibit B to defendant Fox, Rothschild's Motion to Dismiss). It is well established that in order for a federal court to exercise jurisdiction in diversity, complete diversity between all parties opposed in interest is required. *Carlsberg Resources Corp. v. Cambria Savings and Loan,* 554 F.2d 1254, 1257–58 (3d Cir.1977) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Likewise, when partnerships are involved "the courts should look to the citizenship of the persons comprising such organizations in order to determine whether there is compliance with the diversity standard." *Carls-*

securities laws. *See* note 3 *infra,* and accompanying text.

**3.** There are no private rights of action under Sections 6 and 7 of the Exchange Act. *Walck v. American Stock Exchange, Inc.,* 687 F.2d 778 (3d Cir.1982), *cert. denied,* 461 U.S. 942, 103 S.Ct. 2118, 77 L.Ed.2d 1300 (1983). Section 8 and Rule 8c–1 control the hypothecation of customers' securities by brokers and dealers. 15 U.S.C. § 78h; 17 C.F.R. § 240.8c–1. As there is no allegation in plaintiff's complaint that either Price Waterhouse or Fox, Rothschild pledged plaintiff's securities as a broker or dealer, Mr. Ferreri has failed to state a claim under either Section 8 or its accompanying rule. Sections of the securities laws, such as Sections 6, 7 and 8, which govern the conduct of brokers and dealers, are inapplicable when there is no allegation and no evidence that defendants were either brokers or dealers covered by the Exchange Act. *See, e.g., Mid–Carolina Oil, Inc. v. Klippel,* 526 F.Supp. 694, 696 (D.S.C.1981), *aff'd without op.,* 673 F.2d 1313 (4th Cir.1982), *cert. denied,* 457 U.S. 1107, 102 S.Ct. 2906, 73 L.Ed.2d 1315 (1982). Likewise, Mr. Ferreri has failed to state a claim under Section 10 of the Exchange Act, or its accompanying Rules, 10b–5 or 10b–16. 15 U.S.C. § 78j; 17 C.F.R. § 240.10b–5, § 240.10b–16. This section and these rules deal only with the use of a manipulative or deceptive device in connection with the purchase or sale of a security. *See, e.g., Blue Chip Stamps v.*

*Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). As plaintiff's complaint contains no allegation that either defendant took any action in connection with the purchase or sale of a security by Mr. Ferreri, plaintiff's claim in this regard must fail. *See Ferreri,* 661 F.Supp. at 1188 n. 5. In addition, Mr. Ferreri cannot state a claim under section 15 of the Exchange Act or its accompanying rule, Rule 15c3–1. 15 U.S.C. §§ 78o–78o–5; 17 C.F.R. § 240.15c3–1 and, as amended, 52 Fed.Reg. 22298. Section 15 governs the registration and regulation of brokers and dealers, and Rule 15c3–1 articulates the net capital requirements for these brokers and dealers. Again, plaintiff's complaint contains no allegation and there is no evidence that either Price Waterhouse or Fox, Rothschild acted as a broker or dealer in their dealings with plaintiff, and Mr. Ferreri has therefore failed to establish a violation of Rule 15c3–1 or to state a claim under Section 15. Finally, plaintiff's complaint fails to state a claim under Section 20 of the Exchange Act. Section 20 governs the liability of controlling persons. 15 U.S.C. § 78t. There is no private right of action under Section 20, *McLaughlin v. Campbell,* 410 F.Supp. 1321, 1325 (D.Mass. 1976), nor has Mr. Ferreri alleged that either defendant controlled another person who violated the Exchange Act.

*berg,* 554 F.2d at 1258. Indeed, "the citizenship of the partnership for diversity purposes is that of each partner." *Lucido v. Cravath, Swaine & Moore,* 425 F.Supp. 123, 125 n. 2 (S.D.N.Y.1977) (citing *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 456, 20 S.Ct. 690, 693, 44 L.Ed. 842 (1900); *Woodward v. D.H. Overmyer Co., Inc.,* 428 F.2d 880, 883 (2d Cir. 1970), *cert. denied,* 400 U.S. 993, 91 S.Ct. 460, 27 L.Ed.2d 441 (1971); *Molasky v. Garfinkle,* 380 F.Supp. 549, 553 (S.D.N.Y. 1974)). Both Price Waterhouse and Fox, Rothschild have a number of partners who are Pennsylvania citizens. (Affidavit of James Clancy, Exhibit A to defendant Price Waterhouse's Motion to Dismiss; Affidavit of Jeffrey B. Albert, Exhibit B to defendant Fox, Rothschild's Motion to Dismiss). Accordingly, the assertion of federal jurisdiction is inappropriate here due to the absence of complete diversity between the parties. Plaintiff asserts that this court should nevertheless exercise jurisdiction because "plaintiff feels that in order to facilitate an equitable and expedient conclusion in these matters this complaint must remain in this court." (Plaintiff's Answer to [Fox, Rothschild's] Motion to Dismiss and for Imposition of Sanctions under Rule 11 of the Federal Rules of Civil Procedure ¶ 1). Without subject matter jurisdiction, a federal court has no power to hear and decide a case. *Daley v. Town of New Durham,* 733 F.2d 4, 7 (1st Cir.1984) (citing *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951)). Considerations of judicial economy and convenience can never override a failure of jurisdiction. Accordingly, plaintiff's complaint must be dismissed for lack of jurisdiction.

Defendant Fox, Rothschild also urges this court to hold an evidentiary hearing and thereafter to impose sanctions on Mr. Ferreri under Rule 11 of the Federal Rules of Civil Procedure.[4] Fox, Rothschild contends that Mr. Ferreri improperly filed this complaint to harass the law firm for refusing to continue to represent him in his quest to recover his lost savings and that Fox, Rothschild is therefore entitled to recover its attorneys fees, and costs, as well as other sanctions from Mr. Ferreri.

■ A hearing on a motion for the imposition of sanctions under Rule 11 is not required by the language of the Rule or by case law. *See* Fed.R.Civ.P. 11 advisory committee's note; *Donaldson v. Clark,* 819 F.2d 1551 (11th Cir.1987). Moreover, the Supreme Court has warned against starting a second lawsuit in response to a request for attorney's fees. *See Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). To determine whether a hearing on sanctions under Rule 11 is appropriate the Advisory Committee Note observes:

> The particular format to be followed should depend on the circumstances of the situation and the severity of the sanction under consideration. In many situations the judge's participation in the proceedings provides him with full knowledge of the relevant facts and little further inquiry will be necessary.

Fed.R.Civ.P. 11 advisory committee's note; *see Oliveri v. Thompson,* 803 F.2d 1265, 1280 (2d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

As I was involved in the previous proceedings in which Mr. Ferreri was represented by Fox, Rothschild and have received briefs from both sides on the issue of sanctions under Rule 11, I am fully aware of the facts relevant to this litigation. A hearing on this issue, therefore,

---

**4.** Rule 11 provides in pertinent part: "Every pleading, motion, and other paper of a party ... [must] be signed.... [This] signature ... constitutes a certificate by the signer that [he] has read the pleading, motion or other paper; that to the best of [his] knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or/upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction...." Fed.R.Civ.P. 11.

would only serve to increase the costs of litigation and to waste judicial resources. Accordingly, a hearing will not be held, and the propriety of the imposition of sanctions will be determined based upon the motion papers of Fox, Rothschild and the response of Mr. Ferreri.

By its own terms Rule 11 applies to pro se parties as well as to attorneys. Fed.R. Civ.P. 11. Just as courts hold pro se complaints to a less stringent standard with regard to pleading requirements than complaints drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), courts should judge pro se parties more leniently than attorneys when applying Rule 11. *See Talley v. SEPTA*, No. 87–4754, slip op. [available on WESTLAW, 1988 WL 3846], 1988 U.S. Dist. LEXIS 292 (E.D.Pa. Jan. 19, 1988) (Shapiro, J.); *U.S. v. Tarver*, 642 F.Supp. 1109, 1112 (D.Wyo.1986); *Farrell v. United States Tax Court*, 647 F.Supp. 944, 946 (D.Kan.1985); *Blume v. Leake*, 618 F.Supp. 95, 97 (D.Idaho 1985).

To test a party's conduct under Rule 11, the court should apply "an objective standard of reasonableness under the circumstances." *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir.1988) (Weis, J.) (citing *Snow Machines Inc. v. Hedco, Inc.*, 838 F.2d 718, 727 (3d Cir.1988)); *see also Colburn v. Upper Darby Township*, 838 F.2d 663, 667 (3d Cir.1988). The court's inquiry should center on "what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed.R.Civ.P. 11 advisory committee's note; *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir.1985). In assessing what was objectively reasonable behavior, the district court "has sufficient discretion to take account of the special circumstances that often arise in pro se situations." Fed.R.Civ.P. 11 advisory committee's note. "Obviously, it is inappropriate to hold a pro se litigant to the ordinary Rule 11 standard of a 'competent attorney.'" 2A J.W. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice*, § 11.02[3] n. 8 (1988). Because Mr. Ferreri is proceeding pro se, this court can reasonably expect his complaint to lack the legal precision which would be required of a complaint drafted by an attorney.

Rule 11 aims to discourage the filing of frivolous complaints and to prevent the misuse of judicial resources for improper purposes. *See Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 157 (3d Cir.1986). Indeed, it is intended to be used only in "exceptional" circumstances. *Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66 (3d Cir.1988). In *Teamsters* the Court of Appeals made clear that Rule 11 sanctions should be imposed "only if the filing of the complaint constituted abusive litigation or misuse of the court's process." *Teamsters*, 841 F.2d at 68. As Mr. Ferreri has failed to establish jurisdiction in this court over his claim against Fox, Rothschild and Price Waterhouse, his complaint has been dismissed. The granting of a motion to dismiss, however, does not obligate a court to impose sanctions. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir.1986). The Court of Appeals has emphasized that Rule 11 targets "abuse—the Rule must not be used as an automatic penalty against an attorney or a party advocating the losing side of a dispute." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir.1987).

Given Mr. Ferreri's lack of legal training it was objectively reasonable for him to believe that this court would be an appropriate forum for the resolution of his claim. To impose Rule 11 sanctions upon him under the circumstances of this case would not further the stated purposes of the Rule and would serve only to punish him for his inability to understand the diversity requirements and for simply advocating the losing side.[5] Accordingly, sanc-

---

5. Fox, Rothschild asserts that because Mr. Ferreri was informed by the law firm of the lack of a legal basis for his claim, and because he was advised by them to seek counsel, Mr. Ferreri should have known better than to proceed with this suit. Mr. Ferreri, however, is in no way obligated to accept the defendant's interpretation of his claim, nor is he required to retain counsel in order to pursue an action in this court. Simply because Fox, Rothschild turns out to have been a better prognosticator of the outcome of this action does not mean that Mr.

tions under Rule 11 are inappropriate and hearing on this issue is unnecessary.

## ORDER

AND NOW, this 7th day of July, 1988, upon consideration of defendant Price Waterhouse's Motion to Dismiss Plaintiff's Complaint and defendant Fox, Rothschild, O'Brien & Frankel's Motion to Dismiss Plaintiff's Complaint and for Imposition of Sanctions, and plaintiff's responses thereto, and in accordance with the Memorandum filed this date, it is hereby ORDERED that:

1. Defendant Price Waterhouse's motion is GRANTED and plaintiff's complaint against Price Waterhouse is dismissed.

2. Defendant Fox, Rothschild's motion is GRANTED in part and DENIED in part. Plaintiff's complaint against Fox, Rothschild is dismissed, but no hearing will be held and no sanctions imposed upon plaintiff Alfred Ferreri.

Ferreri should be punished for not having con-

curred with the winning side.