**Alfred FERRERI**

v.

**Andrew III and Priscilla MAINARDI and Philadelphia Stock Exchange, Inc.**

**Civ. A. No. 88–3954.**

United States District Court, E.D. Pennsylvania.

Aug. 2, 1988.

---

Alfred Ferreri, Philadelphia, Pa., pro se.

Philadelphia Stock Exchange by Michele R. Berkowitz, Andrew & Priscilla Mainardi by Stephen P. Chawaga, Drinker Biddle & Reath, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

KATZ, District Judge.

Defendant Philadelphia Stock Exchange (the "Exchange") has moved to dismiss the pro se complaint of plaintiff Alfred Ferreri.[1] In his complaint Mr. Ferreri raises various claims against the Exchange, as well as against other parties, including numerous securities law violations, and claims under the common law for misrepresentation, fraud and breach of contract.[2] The Exchange argues that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Mr. Ferreri's complaint against them should be dismissed for failure to state a claim upon which relief can be granted.

## BACKGROUND

The events that form the basis of plaintiff's complaint transpired in 1983 when Mr. Ferreri began his involvement in options trading. Plaintiff's Complaint ¶¶ 13–14. With the assistance of a number of people that Mr. Ferreri met at the Exchange, plaintiff joined defendant Andrew Mainardi III in a limited partnership known as Idraniam Trading Partners. Plaintiff's Complaint ¶¶ 30–39; Plaintiff's Answer and Memorandum in Opposition to Defendant's Motion to Dismiss, Exhibit H. Through

---

1. Plaintiff Alfred Ferreri has responded, and defendant Philadelphia Stock Exchange has filed a reply.

2. Plaintiff's complaint contains five counts, and alleges violations of sections 6, 7, 8, 10, 15, and 20 of the Exchange Act of 1934, as well as common law claims. See note 4, *infra*.

the use of the facilities of the Exchange, Idraniam Trading Partners traded options, allegedly resulting in the loss of a significant amount of Mr. Ferreri's funds. Plaintiff's Complaint ¶¶ 62–63. Since that time, Mr. Ferreri has tried to recoup his lost savings.[3] In this action, plaintiff seeks to hold the Exchange as well as his limited partner, Andrew Mainardi III, and Mr. Mainardi's wife Priscilla responsible for his alleged losses.

## DISCUSSION

### Standards for Dismissal

■ On a motion to dismiss, all material allegations of the complaint are to be treated as true and are to be interpreted in the light most favorable to the non-moving party. A complaint may be dismissed only if it appears that the plaintiff will be unable to establish any set of facts in support of his complaint which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Helstoski v. Goldstein*, 552 F.2d 564 (3d Cir. 1977); *Truhe v. Rupell*, 641 F.Supp. 57, 58 (M.D.Pa.1985). The complaint of a pro se plaintiff, however, is held to a less stringent pleading standard than would a complaint drafted by an attorney. Similarly, the allegations contained in a pro se complaint are to be liberally construed. *Becker v. Commission of Internal Revenue*, 751 F.2d 146, 149 (3d Cir.1984) (citing *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); *see also Carr v. Sharp*, 454 F.2d 271, 272 (3d Cir.1971).

### The Securities Claims

■ Plaintiff's complaint contains a number of allegations seeking to hold the Exchange liable for a variety of violations under the federal securities laws.[4] In Count II of his Complaint, plaintiff asserts that the Exchange violated section 6 of the Exchange Act of 1934, and is therefore liable to him for over $500,000 in losses that Mr. Ferreri claims to have suffered in his options transactions. According to the complaint, the Exchange abrogated its fundamental duty to maintain an orderly market in securities traded by its members by permitting Mr. Mainardi [plaintiff's trading partner] to engage in the alleged irresponsible activity. Plaintiff's Complaint ¶ 73. Section 6 provides for SEC registration of any securities exchange that complies with certain requirements, including the promulgation of particular types of rules. It is well established in this circuit that there is no private right of action against a stock exchange under section 6 for a stock exchange's refusal or inability to enforce these rules. *Walck v. American Stock Exchange*, 687 F.2d 778 (3d Cir.1982), *cert. denied*, 461 U.S. 942, 103 S.Ct. 2118, 77 L.Ed.2d 1300 (1983), *reh'g denied*, 463 U.S. 1236, 104 S.Ct. 29, 77 L.Ed.2d 1451 (1983). Accordingly, Mr. Ferreri may not now assert just such a cause of action against the Exchange, and Count II of plaintiff's complaint is dismissed.

■ Plaintiff, in Count III of the complaint, also seeks to hold the Exchange liable pursuant to section 7 of the Exchange Act of 1934. Section 7 regulates margin accounts in securities. In this circuit there is no private right of action avail-

---

**3.** It is not necessary here to set out in detail the complex and protracted history of Mr. Ferreri's relationship with Idraniam Trading Partners, and the previous litigation that has transpired. Extensive discussions of these events are provided in my prior opinions. *See Ferreri v. Fox, Rothschild, O'Brien & Frankel*, 690 F.Supp. 400 (E.D.Pa.1988) (Katz, J.); *Ferreri v. First Options of Chicago, Inc.*, 661 F.Supp. 1186 (E.D.Pa.1987); *Ferreri v. First Options of Chicago, Inc.*, 623 F.Supp. 427 (E.D.Pa.1985).

**4.** Plaintiff's complaint specifically refers to violations of "the Securities Exchange Act of 1933, also Title 15, U.S.C. § 78a–78jj–as amended un-der the Securities Exch. Act of 1934; Code of Federal Regulation § 240 and Rules 6a, 6b–1, 6b–5, 6b–6, 6c–3 (A), (B), (C), 7a, 8c–1, 10b–5, 10b–16, 15c3–1 20a, 20c promulgated thereunder." Plaintiff's Complaint ¶ 1. As there are no SEC Rules 6b–1, 6b–5, 6b–6, 6c–3 (A), (B), (C), 7a, 20a or 20c but rather sections of the Exchange Act of 1934 with these numbers, I have treated plaintiff's complaint as asserting claims under those sections of the Exchange Act. Likewise, as plaintiff's claims do not appear to relate at all to the 1933 Act, but instead appear to be derived from the Exchange Act of 1934, I have treated them as such.

able against a stock exchange for a failure on the part of the exchange to enforce these margin requirements, including violations of 12 C.F.R. §§ 220.1 *et seq.*, also known as Regulation T. *Walck,* 687 F.2d at 788–89. Mr. Ferreri cannot, therefore, assert a claim against the Exchange under section 7.

■ Count III of plaintiff's complaint also asserts claims under rules 8c–1 and 15c3–1. Section 8 and its accompanying rule, rule 8c–1, govern the hypothecation of customers' securities by brokers and dealers. There is no allegation in plaintiff's complaint that the Exchange acted as either a broker or dealer. Indeed, plaintiff himself acknowledges that "defendant is registered with the SEC as a National Securities Exchange and functions as a self regulatory organization (SRO)...." Plaintiff's Complaint ¶ 24. Sections of the securities laws, such as section 8, which govern the conduct of brokers and dealers, are inapplicable in the absence of any allegation or evidence that the person or persons sought to be charged acted as either brokers or dealers. *See Mid–Carolina Oil, Inc. v. Klippel,* 526 F.Supp. 694, 696 (D.S.C.1981), *aff'd without op.,* 673 F.2d 1313 (4th Cir.1982), *cert. denied,* 457 U.S. 1107, 102 S.Ct. 2906, 73 L.Ed.2d 1315 (1982). Plaintiff cannot then assert a cause of action against the Exchange under section 8 or its accompanying rule.

■ Plaintiff is similarly unable to assert a claim against the Exchange under section 15 or its accompanying rule, rule 15c3–1. Section 15 provides generally for the registration and regulation of brokers and dealers, and rule 15c3–1 sets forth the net capital rules for those same brokers and dealers. Again, plaintiff's complaint contains no allegation that the Exchange acted as either a broker or a dealer in its interaction with Mr. Ferreri. Count III of plaintiff's complaint is therefore dismissed for failure to state a claim upon which relief can be granted.

■ In Count IV of his complaint, Mr. Ferreri seeks to hold the Exchange liable under section 20 of the Exchange Act. Plaintiff asserts that the Exchange "failed in its public duty to act as a controlling person notwithstanding its far reaching self regulatory authority and operational facilities at its disposal." Plaintiff's Complaint ¶ 92. There is no private right of action against a stock exchange under section 20. *Baty v. Pressman, Frohlich & Frost, Inc.,* 471 F.Supp. 390 (S.D.N.Y.1979); *McLaughlin v. Campbell,* 410 F.Supp. 1321, 1325 (D.Mass.1976); *Carr v. New York Stock Exchange,* 414 F.Supp. 1292, 1295 (N.D.Cal.1976). Plaintiff, therefore, has no claim under section 20, and Count IV of his complaint is dismissed.

■ Plaintiff's final allegation under the federal securities laws is contained in Count V of his Complaint, and asserts claims under rules 10b–5 and 10b–6 of section 10(b) of the Exchange Act. In order to bring a suit under section 10(b) the plaintiff must have been either the purchaser or seller of securities in connection with the allegedly fraudulent scheme. *Landy v. Federal Deposit Insurance Corporation,* 486 F.2d 139 (3d Cir.1973); *cert. denied,* 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974). Defendant argues that plaintiff's claims under section 10(b) ought properly to be dismissed because of this court's prior ruling in an earlier case filed by Mr. Ferreri. *See Ferreri,* 661 F.Supp. at 1188. In that earlier case, I determined as an alternative holding that Mr. Ferreri was not a purchaser or seller of the stock options that Mr. Mainardi traded for the partnership in that suit, and that plaintiff could therefore not assert a claim under section 10(b). *Id.* at 1188 n. 5. I cannot now, on the basis of this record, say that this case involves the same sales or the same securities or transactions, and that my earlier ruling that Mr. Ferreri was not a purchaser or seller of securities in connection with the allegedly fraudulent scheme in that prior case is controlling here. Discovery shall proceed in accordance with the scheduling order previously entered, and the Exchange may renew these contentions following the completion of discovery. With respect to defendant's additional contentions that plaintiff has failed to allege sufficient facts to establish a claim under sec-

tion 10(b), plaintiff's pro se status affords him additional leeway in his pleadings, and only the conclusion of discovery can reveal whether or not plaintiff will be able to support these contentions. Accordingly, Count V of plaintiff's complaint will not be dismissed.

### The State Law Claims

■ In addition to plaintiff's securities law claims, plaintiff's complaint asserts causes of action for what appears to be misrepresentation and fraud.[5] As there is no diversity of citizenship present here, I will exercise jurisdiction over these claims pursuant to the doctrine of pendent jurisdiction.[6] Again, given the liberal pleading requirements of the Federal Rules of Civil Procedure, and the particular leeway given to pro se complaints, I cannot, without the benefit of discovery and a fuller record, determine the merit of plaintiff's state law claims. Plaintiff's state law claims against the Exchange will not be dismissed.

### CONCLUSION

In sum, Counts II, III, and IV of plaintiff's complaint will be dismissed as to the Philadelphia Stock Exchange. The remainder of plaintiff's claims against the Exchange will not be dismissed. Defendant Philadelphia Stock Exchange may renew its contentions as to these counts following the completion of discovery.

---

5. Though plaintiff has titled Count 1 "Misrepresentation and Breach of Contract", Plaintiff's Complaint p. 20, the substance of the claim against the Exchange involves allegations solely of fraud and misrepresentation, and contains no assertion that there was ever a contract between Mr. Ferreri and the Exchange. The claim of breach of contract appears instead to relate to the other defendants, Andrew III and Priscilla Mainardi. Accordingly, for the purposes of this motion, I have treated Count I of Mr. Ferreri's complaint as asserting claims against the Exchange solely for misrepresentation and fraud.

6. According to plaintiff, he is a resident of Philadelphia, Pennsylvania, Plaintiff's Complaint ¶ 2, and I take this assertion to be an allegation of citizenship. Plaintiff himself has acknowledged the absence of diversity jurisdiction here. According to plaintiff's complaint, "Defendant PHLX [the Exchange] maintains a place of business at the Stock Exchange Building ... [in] Philadelphia, PA....." Plaintiff's Complaint ¶ 6.